## The State v. Kimball.* †

1. **Highways:** ESTABLISHMENT OF: DELEGATION OF POWER BY SUPER-VISORS. The board of supervisors is not authorized by section 328 of the Revision, to delegate to or confer upon the clerk of the District Court, the power of appointing during the adjournment of the board, commissioners to view and report upon the establishment of roads. The commissioner must be appointed by the board at the meeting specified in the notices of application, or at some future time to be then fixed by it.

2. —— STATUTE CONSTRUED: WHAT POWERS BOARD MAY DELEGATE. Section 328 of the Revision was not intended to dispense with the requirements of section 828, in the appointment of a commissioner, and in determining whether the statutory prerequisites have been complied with. Though under the former section, the board may doubtless confer upon the clerk the power to fix a time when the commissioner shall act, the power to appoint a day when the matter will be heard or acted upon, and perhaps the power, upon the filing of a claim for damages, to appoint appraisers; to give notice of their appointment, fix the hour of meeting and fill vacancies.

3. —— FINAL ESTABLISHMENT: BOARD MUST ACT. As the final establishment of a road involves important questions of private right and public good, it is doubtful whether it was intended by section 328 of the Revision that the board should in any case abdicate its functions or transfer their exercise in this respect to the clerk.

*Appeal from Polk District Court.*

WEDNESDAY, JANUARY 22.

HIGHWAYS: HOW ESTABLISHED: POWER OF SUPERVISORS TO DELEGATE AUTHORITY TO CLERK: INDICTMENT FOR OBSTRUCTING A PUBLIC HIGHWAY.—The main question arising on the trial was, whether the road described in the indictment was a *legal* highway. It appeared that due notices were posted and given that a petition for the road in

* See note at commencement of December Term.

† See Acts of the 12th General Assembly, whereby, in view of this decision, the powers of the board of supervisors are enlarged.

question would be presented to the regular September session, A. D. 1865, of the Polk county board of supervisors; that at said session the said petition was presented and proper proof made that due notice had been given; that said road was less than three miles in length, and that a proper bond for the payment of all expenses was at said session approved and filed.

It further appeared, that at the preceding January (A. D. 1865) session of the said board of supervisors, the board adopted and entered of record the following resolution, viz. :

"Resolved, that the clerk of this board (being the clerk of the District Court of said county) is authorized to appoint commissioners to view and report upon the establishment of new roads, or changes in roads; and on the filing of their reports is authorized to fix the time for hearing and establishing the same, except in cases where there is a contest, when he shall adjourn the final hearing until a meeting of this board."

Under this resolution the clerk, *two days after the adjournment* of the said September session, 1865, of said board, appointed a commissioner to view and report upon the road — the board itself made no appointment. The commissioner so appointed was duly sworn, acted, filed his report, with plat and field notes, all in due form. That the time for final hearing was "duly set for the regular January Term, 1866, of said board, when the report of the commissioner and all claims for damages were fully heard, and the said road established by the said board."

The court instructed the jury in effect, that the road was not legally established, and a verdict of "not guilty" was accordingly returned. The State excepted, and now appeals.

*Thomas S. Wright* (with whom *Henry O'Connor*, Attorney-General) for the State.

No appearance for the defendant.

DILLON, Ch. J. — The parties below agreed, "that if the appointment of the commissioner by the clerk, under the authority conferred upon him by the board, was authorized by law, nothing was wanting to make the establishment of said road in all respects regular."

1. HIGHWAYS: establishment of: delegation of power by supervisors.

This cause is brought here by the appellant simply to test the question whether the resolution adopted by the board at its January session, 1865 (*see statement*), is valid either in whole or so far as it undertakes to confer upon the clerk the power of appointing commissioners. In the case before the court, the board itself, in regular session, established the road.

We need not, therefore, decide whether the power to establish roads can, in any case, be delegated to the clerk.

Prior to the establishment of the supervisor system "the *County Court* had the power to establish and change highways." Rev. § 819. In 1860, the supervisor system was adopted (Rev. § 302), and to "the board of supervisors at any lawful meeting," was given the power "to lay out, establish, alter, etc., any county road," etc. (§ 312). Soon after the adoption of the supervisors' act, viz., in April, 1860 (Rev. § 327), the legislature passed "*An act in relation to roads and highways*," containing two sections, as follows:

"SEC. 327 (1). *Be it enacted by the General Assembly of the State of Iowa*, That the board of supervisors shall have the same power and perform the same duties in relation to roads and highways in their respective counties, as have been exercised under previous laws by

county judges and county courts, subject to such modifications as shall be or have been made at the present session of the legislature."

SEC. 328 (2). "When duties are to be performed, or acts done, which cannot be performed by the board of supervisors without too much delay or inconvenience, such board may confer the power to perform such duties upon the clerk of the District Court, and it shall be the duty of such clerk to exercise the authority so conferred, and discharge the duties so required."

Section 828 of the Revision, is imperative in requiring the County Court to appoint the commissioner at the time specified in the notice " *which must be on some of its regular days of session,* or at some time *then to be fixed.*" See also § 261.

This is to enable those who may be affected by the proposed road to be present and be heard upon the question as to who shall be appointed commissioner, and upon the question whether the statutory "prerequisites have been complied with."

Now the supervisors take the place of the County Court. And they must appoint the commissioner at the meeting of the board specified in the notices, or if they do not, they must fix a time when he will be appointed. In the case at bar, the board neither appointed the commissioner, nor fixed a time when he would be appointed. The clerk made the appointment two days after the board adjourned; but he might have made it five days, ten days or any other number of days just as well. This deprives parties of rights expressly and plainly secured to them.

Of what avail is it to give four weeks' notice (§ 824), if the matter is not to be acted upon at the time indicated, or if at that time no future day for action be specified ?

The appointment of the commissioner by the clerk in the case at bar was therefore unauthorized.

The State v. Kimball.

Section 328, was not intended to dispense with this requirement of section 828.   Under section 328, the board

2. —— statute construed: what powers board may delegate.

of supervisors may doubtless confer upon the clerk the power to fix a time when the commissioner shall act (§ 829); the power to appoint a day when the matter will be heard or acted upon (§ 840); the power perhaps, but this is more doubtful, upon the filing of a claim for damages, to appoint appraisers (§ 843); to give notice of their appointment; to fix the hour of meeting (§ 844), and to fill vacancies, etc.

To wait for the *board* to do each of these acts would necessitate great delay, and might occasion great inconvenience.   This the legislature foresaw and hence the enactment of section 328.

As the matter of the *final establishment* of a road involves important questions of private rights and of

3. —— final establishment: board must act.

public good, we may express the doubt we entertain, whether it was intended by the legislature, by section 328, that the board should *in any case*, even though not contested, abdicate its functions in this respect, or transfer their exercise to the clerk.

The District Court was right in holding that the appointment of the commissioner by the clerk was not valid.   It was void, because in effect without notice, and *ex parte ;* and because (in the opinion of a portion of the court) it was not contemplated by section 328 that duties in their nature judicial should be conferred upon the clerk.   If no notice whatever had been given, an order of the board establishing a road would be void.   This case stands upon the same principle.   Practically there was no notice of the time when the matter required by section 828 would be considered, and the commissioner appointed.

The judgment of the District Court is

Affirmed.