LOUIS KUNKLE

*vs.*

THE TOWN OF FRANKLIN, IN WRIGHT CO.

In 1864, towns were allowed by law to pay bounty to soldiers, but were not allowed to issue their bonds therefor. *Held :*—That the act of the Legislature of 1865, ratifying town bonds issued without authority for such purpose was valid, and gave the holders of the bonds a right of action, thereon.

This action was brought in the District Court for Wright County. The complaint avers that plaintiff, in September, 1864, enlisted in the military service of the United States to and for the credit of said town, and was mustered in in September. That before enlisting the Supervisors of the town agreed with the plaintiff that if he would so enlist they would issue to him a bounty or war bond of the town for $300, payable in two years. That in consideration of such promise plaintiff so enlisted, and the Supervisors, in pursuance of the agreement, issued to him the scrip or bond, which is set out in full, signed by the Town Clerk and Chairman of Supervisors. The complaint further alleges ownership of the bond and non-payment, and claims judgment for the amount of it. The defendant demurred to the complaint, and the Court overruled the demurrer; from the order overruling the same defendant appeals.

CORNELL & BRADLEY for Appellant.

H. L. GORDON for Respondent.

*By the Court*—WILSON, Ch. J.—At the date of this bond towns were by law allowed to pay a bounty to soldiers, but not to bind themselves for its payment in this manner. This bond was issued in 1864. In 1865 the Legislature, so far as it had the power to do so, legalized and made valid such town obligations. The question presented by this case is whether this was within its power. Although this question is not free from doubt and embarrassment, we think it must be answered in the affirmative. It is true, as said by Mr. Chancellor Kent, that a retrospective statute, affecting and changing vested rights, is very generally considered in this country as founded on unconstitutional principles, and consequently inoperative and void. But such an act of remedial legislation as this

seems to be an exception to the general rule, and sanctioned by the weight of authority.   See 1 *Kent's Com.*, 455; *Sedg wick on Stat. and Con. Law*, 198, *et seq;*  *Baugher vs. Nelson,* 9 *Gill*, 299; *Syracuse City Bank vs. Davis*, 16 *Barb.*, 188; *Grover vs. Inhabitants of Pembroke*, 11 *Allen*, 90; *Fowler vs. Selectmen*, 8 *Allen*, 83–84; *Freeland vs. Hastings*, 10 *Allen*, 570–581–582; *Brook vs. Town of Woodbury*, 32 *Conn.*, 118; *Baldwin vs. Town of North Bradford*, *Ib.*, 47; *Waldo vs. Portland*, 33 *Conn.*, 363; *Bartholomew vs. Harwinton*, *Ib.*, 408; *Welch vs. Wadsworth*, 30 *Conn.*, 149; *City of Bridgeport vs. Hous. R. R. Co.*, 15 *Conn.* 475; *Cowgill vs. Long*, 15 *Ill.*, 202; *Schofield vs. Wilkins*, 22 *Ill.*, 66.

The order overruling demurrer to complaint is affirmed.