BENNETT *et al.* v. FISHER *et al.*

1. **Roads:** ESTABLISHMENT OF: DELEGATION OF POWER TO CLERK. *The State* v. *Kimball* (23 Iowa, 531), holding that under sections 327, 328 of the Revision, the board of supervisors have no power to delegate to the clerk the power to appoint, in vacation, a commissioner to view and report upon a road which has been petitioned for, followed and approved.

2. **Statute:** RETROSPECTIVE LAWS. There is nothing in our Constitution prohibiting in terms the enactment of retrospective laws; and such laws, when not invasive of private and vested rights, will be upheld.

3. —— ROADS: CURATIVE ACT OF 1868. The curative act of 1868, entitled "An act to legalize the establishment of county roads," is held valid, as falling within that class of legislation whereby the law making power, from a regard to the paramount rights of the community, has undertaken by a general law to confirm and legalize the irregular or defective proceedings of public officers and tribunals, rather than within that class judicially condemned as invasive of private and vested rights.

*Appeal from Polk District Court.*

SATURDAY, JANUARY 30.

COUNTY ROADS: CURATIVE ACT OF 1868. — The plaintiffs are owners of land through which a county road was established by the board of supervisors, October 15, 1867. The defendants are the road supervisors and the township clerk. The present suit was commenced after the "Act to legalize the establishment of county roads" (Laws of 1868, p. 40, copied in note*), went into effect. The petition alleges that the highway in question was not legally established, is no highway, and prays an injunction to restrain the defendants from proceeding to open the

---

* *An Act to Legalize the Establishment of County Roads.*

*Whereas*, In many counties in this State, the boards of supervisors thereof have delegated, to their respective clerks, authority to receive notices and petitions for the establishment of roads, to appoint commissioners to view the same, to receive the reports of such commissioners, and to set the day of the final hearing thereon; and,

*Whereas*, Such clerks have exercised said powers, and a great many county roads have been established in pursuance of such acts by said clerks; and,

*Whereas*, The Supreme Court has decided that said boards of supervisors have not the power, under the law, to delegate such authority to their clerks; therefore, to the end that trouble and litigation may be prevented, —

SECTION 1. *Be it enacted by the General Assembly of the State of Iowa*, That all county roads heretofore established in the manner aforesaid, by delegating all or any of the powers aforesaid, to said clerks, or by said clerks exercising all or any of said powers, be and the same are hereby, legalized and declared to be of the same validity as if all powers aforesaid delegated to said clerks, and exercised by them, had been exercised by the said boards of supervisors according to law. *Provided*, this act shall not apply to cases now in the District Court, to the injury of litigants.

same. A temporary injunction was allowed. Defendants answered, and on a hearing upon the merits the petition was dismissed, and the plaintiffs appeal.

*Phillips, Gatch & Phillips* for the appellants.

*C. C. Nourse* for the appellees.

DILLON, Ch. J. — The road in question was established by the board of supervisors, and not by the clerk. But

1. ROADS: establishment of: delegation of power to clerk.

the commissioner to view the same, was appointed by the clerk in vacation, and not by the board. In *The State* v. *Kimball* (23 Iowa, 531), we held that this could not be done, since, in our judgment, the act of April, 1860 ("in relation to roads and highways," Rev. §§ 327, 328) did not intend to dispense with section 828 of the Revision, which requires the board to appoint the commissioner when in session, or at a day then to be fixed. This decision was right, and the court, in making it, did not, as appellee's counsel suggests, overlook the legislation whereby, in certain contingencies, the county clerk might act as county judge, but *he* overlooks the consideration that when the clerk so acted, he became *pro hac vice* the county judge, and did not act in his capacity as clerk, and the further consideration that neither he nor the county judge was ever authorized to appoint commissioners, except in term time, or at a day then to be fixed. "This is to enable those who may be affected with the proposed road, to be present, and heard upon the question as to who shall be appointed commissioner, and upon the question whether the statutory 'prerequisites have been complied with.'" *State* v. *Kimball*, 23 Iowa, 534.

Under this decision, and aside from the legalizing act of 1868, the road in question would not be held a legal

2. STATUTE: retrospective laws.

highway. It can only be sustained as a valid highway by virtue of the curative act. The

defects in the proceedings had in the establishment of the road in question were such as, by the act referred to, the legislature undertook to cure.

The papers and records of the board of supervisors show, respecting this road, that notices that a petition would be presented to the board were duly given and posted; that a petition was presented to the clerk under the authority supposed to be conferred by the act of 1860, and the resolution of the board thereunder, delegating its powers to the clerk; that a commissioner was duly appointed by the clerk, that he was sworn, acted, reported his action, and that the same was confirmed by the board, which, when in regular session, established the road.

The plaintiffs in the present case do not allege or show that they had no actual notice of the pendency of the proceedings before the board of supervisors for the establishment of the road, nor that the commissioner was not a suitable person.

There has been much discussion by the courts, and some contrariety of opinion, as to the extent to which the legislature may constitutionally go in the enactment of retrospective laws. The subject will be found quite fully examined in prior cases decided by this court. *McMillen* v. *Boyles, Co. Judge,* 6 Iowa, 306, 391; *Dubuque Female College* v. *Dist. Township, etc.,* 13 id. 555; *Newman* v. *Samuels,* 17 id. 528; *Brinton* v. *Seevers,* 12 id. 389; *Jones* v. *Berkshire,* 15 id. 248; *The State* v. *Squires, ante,* 340, and authorities there cited.

Questions of this character very much depend upon the peculiar circumstances of the cases in which the legislative power is exercised.

There may be retrospective legislation of a character so palpably destructive of private and vested rights that it is the duty of the court to declare it to be inoperative.

There is nothing in our Constitution prohibiting, in

terms, the enactment of retrospective laws, and such laws are valid unless they violate some of the provisions of the National or State Constitution. To deny the legislature the power in any case to pass a retroactive law would be attended with very serious mischief.

The interests of justice and the general good of the community frequently require and sanction such legislation, although it should be borne in mind by the legislator that such exercises of power can only be defended upon principle and sustained in law when they are not directed against the vested rights of particular individuals or classes, but have their origin in a just regard for the public welfare.

The recitals of the act in question are undoubtedly true, and its alleged motive, to wit, the prevention of trouble and litigation, was unquestionably its real motive. It does not fall within the class of legislation which has been judicially condemned as invasive of private or vested rights. But it is embraced in that class which has frequently been judicially sanctioned, whereby the legislature, from a regard to the paramount rights of the community, has undertaken by a general law to confirm and declare valid the irregular or defective acts and proceedings of public officers and tribunals; and such legislation is sustainable, although it may injuriously affect particular cases.

3. —— roads: curative act of 1868.

Affirmed.