## TILTON v. SWIFT & Co.

1. **Constitutional Law:** RETROSPECTIVE STATUTES. Retrospective statutes are not necessarily unconstitutional. The courts will sustain those which, without disturbing vested rights of property, cure defects in acts done, and authorize the exercise of powers which operate retrospectively, provided the legislature had authority to confer the powers.

2. ———: VERDICT: JUDGMENT. Sections 185 and 186 of the Code, authorizing the court to receive a verdict and render judgment thereon after the time for holding court in some other county of the district, are not in conflict with the constitution because they contemplate a retrospective operation.

3. ———: REMEDIES: CONTRACT. Remedies are within the control of the legislature, subject to the restriction that they cannot be allowed to impair the obligations of contracts.

4. **Verdict:** WHEN RETURNED AFTER ADJOURNMENT. Sections 185 and 186 do not prescribe to whom the verdict shall be returned, and it is competent thereunder for the judge to return and receive it after opening court in another county.

*Appeal from Wapello District Court.*

WEDNESDAY, DECEMBER 9.

THE facts of this case are as follows: The trial in the action was commenced on the 8th day of February, 1873, and concluded on the 17th of the same month, when the cause was submitted to the jury. The 17th was the last day of the term, and on the next day the judge opened court in Davis, another county in his district. Prior to the judge leaving for the Davis county court, the jury had not agreed, and no formal adjournment of the Wapello term was announced. On the 18th, business was transacted in the Davis court. On the 18th the jury agreed, and the judge being advised of the fact, returned to Ottumwa, and at 11 o'clock P. M., the jury reported to him a verdict for plaintiff. The jury were then discharged, and by order of the judge the adjournment of the term was announced. Prior to the announcement of the adjournment, plaintiff's counsel asked for judgment on the verdict, but this was refused.

At the next term of the Wapello court, commencing Sep-

tember 1, 1873, plaintiff moved for judgment upon the verdict. This motion was overruled. From the judgment of the court thereon, plaintiff appeals.

*H. B. Hendershott* and *E. H. Stiles*, for appellant.

*E. L. Burton* and *William McNett*, for appellee.

Beck, J.—The following provisions are found in the Code, which took effect September 1, 1873:

"Sec. 185. In all judicial proceedings in any of the courts of this State, where a jury trial has been commenced in any case, during any term of court, and where such jury may agree upon a verdict, but not until after the time for holding court in some other county in the same district, and where the jury has agreed upon a verdict and reported the same after the opening of court in another county, and judgment has been rendered thereon, then and in that case such judgments hall not be deemed invalid by reason of the time of receiving such verdict, and the rendition of such judgment.

"Sec. 186. In cases provided for in the preceding section, when the verdict has been so received, and judgment has not been rendered thereon, as provided for in said section, then the time of the coming in of such verdict, shall be no legal objection to the rendition of judgment thereon at the next term of the court in the county where such trial was had, but judgment shall be rendered thereon: *provided*, there be no other good and sufficient reason why such judgment shall not then be rendered; then the time of the report of the verdict and the provisions of this section shall in all respects have a retrospective effect and operation."

Two questions arising upon these provisions must be considered in order to determine their effect and applicability in this case.

I. Are they authorized by the constitution so far as they contemplate retrospective operation?

Retrospective laws are not necessarily unconstitutional, and

1. CONSTITU-
TIONAL LAW:
retrospective
statutes.

those which cure defects in acts done, and authorize the exercise of powers which operate retrospectively, are sustained by the courts, if the

legislature possessed authority to confer the power, and the act would have been valid, under a prior enactment, and vested rights of property are not thereby disturbed. *McMillan v. Boyles,* 6 Iowa, 304; *Bennett v. Fisher,* 26 Iowa, 497; *State v. Squires,* Id., 340; *Boston et al. v. Cummings,* 16 Geo., 102; *Charles River Bridge Co. v. Warren Bridge Co.,* 11 Peters, 420; *Watson v. Mercer,* 8 Pet., 88; *Satterlee v. Matthewson,* 2 Pet., 380; *Beach v. Walker,* 6 Conn., 190; *Booth v. Booth,* 7 Conn., 350; *Underwood v. Lilly,* 10 Serg. & R., 97; *Wilkinson v. Leland,* 2 Pet., 627; *Menges v. Wertman,* 1 Pa. St., 218; *Chestnut v. Shane,* 16 Ohio, 599; *Barnett v. Barnett,* 15 Serg. & R., 72; *Tate v. Stooltzfoos,* 16 Serg. & R., 35.

Now, if it be admitted that the statute under consideration authorizes the court to exercise the power of rendering a judgment upon a verdict before found, so as to cure the defect in the proceeding resulting from the fact that the verdict was not returned in time to authorize a judgment under the rules of law then in force, and, in these respects, operates retrospectively, it is not unconstitutional, for the legislature could, in the first instance, have clothed the court with the authority conferred by the provisions under consideration. Neither are vested rights of property disturbed, for none have been gained under the defect in the administration of the law intended to be cured. A citizen has no vested rights in a particular course of practice in the courts, nor to a particular remedy. *Commonwealth v. Commissioners,* 6 Peck, 501.

Remedies are within the control of the legislature, subject to the restriction that the obligations of contracts may not be 3.———: impaired, and all legal remedy for the enforcement of rights under a contract be not taken away. *Sturges v. Crownshield,* 4 Wheat., 122; *Call v. Hagger,* 8 Mass., 424.

The legislature may provide a new or additional remedy for a right already existing, which would be lost if no remedy were provided. *Hope v. Johnson,* 2 Serg., 123. And retrospective laws, which affect pending suits, giving a new remedy, modifying an existing one, or removing an impediment in the way of legal proceeding, are not unconstitutional. *Schenley v. Commonwealth,* 36 Pa. St., 29.

Legislation, operating retrospectively, to render binding and effective contracts before invalid, is not in conflict with the constitution. It does not impair the obligation of contracts, nor, as between the parties thereto, disturb vested rights. *Brinton v. Seevers*, 12 Iowa, 389; *Andrews v. Russell*, 7 Blackf., 474; *Welch v. Wadsworth*, 30 Conn., 149; *The State v. Norwood*, 12 Md., 195; *Thompson v. Morgan*, 6 Minn., 292; *McMillen v. Boyles*, 6 Iowa, 304; *Kunkle v. Franklin*, 13 Minn., 127; *Comer v. Folsom*, Id., 219; *Wilson v. Bruckman*, Id., 441; *Winchester v. Corinna*, 55 Me., 9; *Grim v. Weissenberg*, 57 Pa. St., 433; *Bass v. Columbus*, 30 Geo., 845; *Maxey v. Wise*, 25 Ind., 1; *Dentzel v. Waldie*, 30 Cal., 138; *Selsby v. Redlon*, 19 Wis., 17; *Davis v. Ballard*, 1 J. J. Marsh, 563; *Real v. Nason*, 2 Shep., 340; *Walpole v. Elliott*, 18 Ind., 258; *Underwood v. Lilly*, 10 S. & R., 97.

Applying the principles above announced which are, in our opinion, amply supported by authority, to the sections of the Code above quoted, we conclude they are not in conflict with the constitution.

II. It is insisted by appellee's counsel that these statutory provisions are not applicable to the case before us, and that the cases contemplated by the legislature are those when the verdicts have been received by the court and not by the judge at a time when the court is not in session. We do not concur in this view. The law contemplates a verdict agreed upon and reported by the jury after the opening of the court in another county. It does not prescribe to whom it must have been reported, whether to the judge, clerk, or other officer of the court. It is very plain that the case of a verdict reported to the court while in session is not contemplated, for a judgment rendered thereon at the time would be valid, and the legislation in question would be unnecessary. And, in such a case, a judgment could legally be rendered at a subsequent term without these provisions. The intention of the statute obviously is to make valid judgments illegally rendered, and, in certain cases, to authorize the rendition of judgments which

were before unauthorized.   It will be applied to cases where judgments were not before authorized, and not to those where authority existed to render them upon verdicts reported to the court.

It is our opinion that the sections of the Code above quoted are constitutional, and that they authorized the District Court to render judgment upon the verdict.   The motion of plaintiff was, therefore, erroneously overruled.   The cause will be remanded with directions for the court below to enter judgment on the verdict.

REVERSED.