## POLLARD v. DICKINSON COUNTY.

1. **Highway:** VACATION AND ESTABLISHMENT: DAMAGES: APPEAL CLAIM INCREASED BY AMENDMENT. Upon a proceeding to vacate one road and establish another in lieu thereof, plaintiff claimed $100 damages for land taken of him for the new road, which sum was allowed him. His claim was made upon the supposition that the old road was to be vacated upon the establishment of the new one; but after the supervisors had ordered the new one established and allowed plaintiff's claim, they refused to vacate the old one, whereby plaintiff's damages were much in excess of $100. Plaintiff appealed to the circuit court. The defendant moved to dismiss the appeal on the ground that the establishment of the new road and the vacation of the old one were separate proceedings, and, on the former, plaintiff had been allowed all the damages he had claimed. *Held* that the motion was properly overruled; also, that plaintiff was properly allowed to amend his claim for damages by increasing it so as to cover the damages sustained by him by the establishment of the new road without the vacation of the old one. ADAMS, CH. J., and SEEVERS, J., *dissenting.*

*Appeal from Dickinson Circuit Court.*

WEDNESDAY, MARCH 16.

PROCEEDINGS were had before the supervisors of Dickinson county to establish and vacate certain roads. Plaintiff appealed to the circuit court from an order of the supervisors allowing him damages for locating the road over his lands. In the circuit court a motion of defendant to dismiss the appeal was overruled, and a motion of plaintiff to amend his claim for damages, increasing the amount thereof, was sustained. From these rulings defendant appeals.

*Baily, Osborne & Peters,* for appellant.

*Soper & Allen,* for appellee.

BECK, J.—I. The petition presented to the board of supervisors asked that one road be established, and another vacated. It appears that the new road to be established was to take the place of the old one asked to be vacated. At least, plaintiff so regarded it. Plaintiff, it appears, was one

of the petitioners, and he became the principal in the bond filed in the case before action by the supervisors, as required by the statute. He subsequently filed a claim for damages in the sum of $100, the value of his land which would be appropriated for the road. A remonstrance was filed against the vacation of the other road, and a claim was filed by one land owner for $3,000 damages, which he claimed he would sustain by the vacation. A commission was appointed to appraise the damages, who allowed plaintiff $100 for the new road, and to the other party $3,000 for the vacation of the old one, and so reported. Thereupon the supervisors established the new road, and allowed plaintiff $100 damages. Afterwards, on the same day, by separate action, the supervisors refused to vacate the other road. Thereupon plaintiff appealed to the circuit court. In that court defendant moved to dismiss the appeal on the ground that, as plaintiff recovered the sum claimed by him for damages, he cannot recover more upon the appeal, and that, as the matters of establishing one road and vacating the other were separate, one was not conditioned upon the other, and that the action of the supervisors in these matters cannot be reviewed upon the appeal. Plaintiff asked leave, by motion, to amend his claim for damages, making it $1,000. These motions by the respective parties were supported by affidavits. On the part of the defendant, it was in this manner shown that the only evidence before the supervisors was the report of the commissioners, and that plaintiff was present when his claim was acted upon, and made no claim for more than $100 damages. It was shown that he assented to the new road, and claimed therefor no more than $100, by reason of an arrangement with those interested to the effect that the other road should be vacated, and unless this should be done his farm would be surrounded by highways, and cut off from the water of East Okoboji lake, upon which it is situated, and that, unless the established road was vacated, which was prayed for in the petition, his land would suffer damage to

the extent of $1,000, and with such vacation he would not suffer more than $100 damages, and that he understood the proposition to vacate and establish the several roads was one proposition, to be acted upon together by the supervisors. Acting upon this understanding, and the arrangement with the parties interested, he filed his claim for $100 damages; but the establishing of the new road, and refusal to vacate the old one, was a violation of this understanding, and an injustice to him.

II. In our opinion, the circuit court, upon these showings, rightly overruled defendant's motion to dismiss the appeal, and correctly sustained plaintiff's motion to allow him to amend his claim for damages. It must be remembered that the appeal brought up nothing for determination except plaintiff's claim for damages. The action of the supervisors in establishing one road, and in refusing to vacate the other, could not be reversed upon the appeal. Code, § 962, provides that, upon the appeal, "the amount of damages the claimant is entitled to shall be ascertained by said circuit court in the same manner as in actions by ordinary proceedings." Of course, the damages in this case must be ascertained upon the appeal, in view of the rights of the parties, as settled by the action of the supervisors. When they allowed him damages to the amount of $100, the question as to the vacation of the old road had not been acted upon. Plaintiff, therefore, in view of the arrangement to vacate the old road, was authorized to believe that the arrangement would be carried out. He was, therefore, not required to object to the allowance for damage made to him. By refusing to vacate the old road, the matter was wholly changed, and plaintiff's rights were changed to correspond with this action. When the case came up on the appeal, his rights stood as they were left by the action of the supervisors. In the circuit court his damages were to be determined according to his rights as they were left by the final action of the supervisors. They are to be determined, not by the plead-

ings and claims filed before the supervisors, but "in the same manner as in actions by ordinary proceedings." Code, § 962. They were not so determined by the supervisors. In order that the damages should be so determined, and to secure his rights, he is permitted to plead as in an action by ordinary proceedings. He could, therefore, show by pleading, by an amended claim, what his rights are, and what damages he ought to recover. The county could not be prejudiced by the recovery by plaintiff upon the appeal of damages greater than were allowed by the supervisors, as the road could not be established until the trial of the case upon the appeal. The supervisors were authorized to make an establishment of the road conditioned upon the payment of the damages. If they were not paid, they could refuse to establish the road. Code, §§ 946, 947, 962.

These views, which we think cannot be disputed, applied to the peculiar facts of the case, lead us to the conclusion that plaintiff could prosecute his appeal, and that the law authorized him to file an amended claim in accord with his rights. We must not be understood as holding that in ordinary cases, wherein there is absence of facts of the character found in this, the claim for damages could not be increased upon the appeal. The circuit court, therefore, rightly overruled defendant's motion to dismiss the appeal, and rightly sustained plaintiff's motion to amend his claim for damages.

AFFIRMED.

ADAMS, CH. J., and SEEVERS, J., dissenting.