E. ABNEY *et al.,* Appellants, v. JASPER CLARK *et al.,* MEMBERS OF BOARD OF SUPERVISORS, Appellees.

<div style="float:right">

87  727
114  560
87  727
123  705
87  727
131  293

87  727
132   44

</div>

1. **Highways**: PROCEEDINGS TO ESTABLISH. APPOINTMENT OF APPRAISERS.   Where, in proceedings to establish a highway, the appointment of appraisers to report the amount of damage sustained by claimants, as provided by section 940 of the Code, was made, and their report filed, before the day fixed for the filing of claims, *held,* that the final order of the board of supervisors establishing the road was illegal and should be held for naught.

2. ――――: ――――: ILLEGALITY: REMEDY.   The due appointment of such appraisers being jurisdictional the remedy of persons aggrieved by an illegal appointment is by writ of *certiorari,* and not by appeal.

*Appeal from Calhoun District Court.*—HON. CHARLES
         D. GOLDSMITH, Judge.

THURSDAY, MAY 11, 1893.

CERTIORARI to the defendants, as members of the board of supervisors of Calhoun county.   It appears from the petition and return to the writ that the board of supervisors made its final order establishing a highway along a line on which the plaintiffs were landowners, and were entitled to damages; that the proceedings of the board are regular up to the appointment of appraisers to appraise the damages upon the claims filed; that the report of the commissioners to review and report

upon the expediency of establishing the highway was filed October 21, 1889, and the eighth day of February, 1890, was properly fixed as the time for filing objections and claims for damages. The time of appointing the appraisers does not definitely appear, but they met, in pursuance to the order of appointment, and made return of their doings, on the thirtieth day of January, 1890. One of the plaintiffs had, before the appointment of the appraisers, filed its claim for one thousand dollars damages; and the other two, theirs for five hundred dollars each. Each was allowed by the appraisers fifty dollars, and the final order establishing the road was made November 3, 1890. The district court sustained a motion to dismiss the petition on the ground that the petition and the return to the writ show the plaintiffs to be entitled to no relief whatever. From the order of the court the plaintiffs appeal.—*Reversed*.

*M. H. Baugh*, for appellants.

*E. C. Stevenson*, County Attorney, for appellees.

GRANGER, J.—I. It will be observed that the appraisers were appointed and made their appraisement

1. HIGHWAYS: proceedings to establish: appointment of appraisers.

before the day fixed for the claims to be filed, February 8, 1890. It is admitted because of an undenied averment in the petition, that the plaintiffs had no notice or knowledge of the appointment of the appraisers, or their doings, until after the final order establishing the road, but they did have notice of the time fixed for filing claims. By Code, section 940, it is provided: "When claims for damages are filed, and on the day appointed for filing the same, the auditor must appoint three suitable and disinterested electors of the county as appraisers to view the ground on the day fixed by him, and report upon the amount of damages sustained by the claimants. Such report shall be made and filed in the

auditor's office within thirty days after the day they are appointed." It is insisted that the appointment of the appraisers before the day fixed by the statute renders the proceedings void, the claim being that the fact of such appointment is jurisdictional. On the other hand, it is claimed that, inasmuch as the claims were filed when the appointment was made, the day of the appointment is not material, and would not affect the proceedings.

Statutes fixing the time and manner for officers in the discharge of their duties are often held to be directory, but it is not so held when the time and manner of doing the act is fixed with reference to the rights and opportunities of third persons. The statute is specific, —that when claims are filed the auditor must appoint the appraisers on the day appointed for the filing of the same. The language certainly favors a particular time for making the appointment. By a previous section of the statute, notice of the time fixed for the filing of claims must be served on the owners of land abutting on the proposed highway. The law fixes that as the day for appointing the appraisers. The requirements of the law that claimants shall have notice of the time of filing claims, and that the appraisers must be appointed on that day, are the equivalent of a requirement that claimants shall have notice of the time of the appointment. The duties of the appraisers have a special reference to the rights of claimants for damages. These claimants have a direct interest in the appointment, and it seems to us reasonable to say that the time for the appointment is fixed at the time claims must be filed, that is, on the day for filing, that claimants, by virtue of their notice thereof, may be present, to be heard, if they desire. Without so specific a statute, such a rule would accord with a high sense of natural justice, and has the sanction of many adjudications, more or less direct, where private interests are involved.

The statute formerly was that commissioners to

view and locate highways must be appointed on some of the regular days of the sessions of the board of supervisors, or at some time then fixed. An appointment at another time was held invalid, and, speaking of the time fixed for the appointment, this court, in *State v. Kimball*, 23 Iowa, 531, used the following language: "This is to enable those who may be affected by the proposed road to be present, and be heard upon the question as to who shall be appointed commissioner, and upon the question whether the statutory prerequisites have been complied with." It is certainly as important, and as much a matter of personal right, for a claimant to be present for such a purpose when appraisers upon his claim are to be selected, as for an interested party to be present at the appointment of a commissioner who views and reports upon the expediency of establishing a highway. In that case it is said that the failure to appoint at the time specified deprived parties "of the right expressly and plainly secured to them." Such a deprivation is equally true in this case.

But it is said the parties in this case had notice in time to have taken an appeal, if not satisfied with the allowance. It must be remembered that this right of appeal is given in addition to the right of an appraisement made under a proper observance of the law. The claimant is entitled, first, to a due appraisement, which he may accept, if he so elects, or from which he may appeal, if he deems it inadequate. The appellees cite us to *State v. Kinney*, 39 Iowa, 226. The law required that the time fixed for final hearing should be sixty days from the coming in of the commissioners' report, and the time fixed was really less. The case holds that, with the law observed as to the presentation of the petition, the posting of notices and the appointment of a commissioner, jurisdiction obtained, and that the fixing of the time was only an irregularity, that did not render the proceeding void, or liable to a collateral attack.

The defect in that case was not as to notice, but only as to the time of final hearing; and it does not appear that due notice was not given of the time actually fixed, so that all persons interested might be heard. ` The cases are unlike. Again, it is only held in that case that the proceeding was not absolutely void. It is not held that because of the irregularity the proceedings were not voidable at the instance of a party prejudiced. In this case the attack is direct, and by parties prejudiced by the illegal procedure. It is not necessary that we should determine that the proceedings in this case are absolutely void, so as to be of no validity for any purpose; but in our judgment the failure to observe the law as to the time of appointing appraisers was an illegality that affected the final action of the board in establishing the road, and that the same should be held for naught.

II.   The appellees insist that, inasmuch as an appeal is allowed, there is a plain, speedy, and adequate remedy at law, and hence that *certiorari* will not lie, and cite several cases in support of the claim, all of which are distinguishable for the same reason, and we need notice but one of them. The rule that *certiorari* will not lie where an appeal is allowed, and affords a plain, speedy, and adequate remedy, is not to be doubted. *Ransom v. Cummins*, 66 Iowa, 137, was *certiorari* to a justice of the peace, and the illegality averred was an erroneous ruling as to the qualification of a juror in the case. It was held that an appeal gave the remedy contemplated by law. In cases pending before a justice of the peace, where jurisdiction obtains as to the parties and the subject-matter, it is quite difficult to imagine a situation where the law, by writ of error or appeal, does not afford a sufficient remedy to a party aggrieved because of illegal procedure. In the above case, and others cited, the illegal act complained of could in such a way

2. ——: ——:
illegality:
remedy.

have been reviewed, so that the remedy would have been plain, speedy, and adequate. In the above-cited case it is said, speaking of the justice, "he had jurisdiction to determine every question of which complaint is made." The jurisdiction of the appraisers to view and determine depended upon their appointment. If the appointment was illegal, they possessed no authority or jurisdiction. An appeal furnished no remedy for such an illegality. The appeal is not from the action of the appraisers, nor that of the auditor in their appointment. It is from the final decision of the board of supervisors, but only permits a review of the claim for damages. Code, section 959; *Pollard v. Dickinson Co.*, 71 Iowa, 438. Hence on appeal there would be no remedy for the illegality complained of, and which we hold exists. It would only permit such a review as the plaintiffs would be entitled to upon a legal appraisement, because of which they felt aggrieved. They were entitled to a legal appraisement and the appeal. The rule claimed by the appellee would deprive them of the former. It is said in this connection that *certiorari* will not lie "when the question sought to be reviewed is only the amount of damages, or the failure to make an award on a proper day." Reference is made to *Cedar Rapids, I. F. & N. W. Railway Co. v. Whelan*, 64 Iowa, 694. The case is in line with our holding. It states, as a basis for its conclusion, the facts as to notice and time to give the sheriff's jury jurisdiction to assess damages. It holds that thereafter, for errors in the proceeding, an appeal would afford an adequate remedy. If in this case the appraisers had been duly appointed, so as to have been vested with power to act, the same rule might be applicable. We doubt if there is a case to be found, not in harmony with our conclusions. The appellees refer in argument to a motion to strike the appellant's abstract from the files, but no such motion is to be found. The judgment is REVERSED.