ANDREW A. COWAN, Appellant, v. TOWNSHIP OF GRANT et al., Appellees.

**DRAINS:** Jurisdiction of Township Trustees. Township trustees have no jurisdiction, under Sec. 1955, Code Supp., 1913, to entertain an application for the opening and enlargement by them of a natural watercourse; and, notwithstanding the provision for appeal, injunction will lie to restrain proceedings under such an application.

*Appeal from Monona District Court.*—W. G. SEARS, Judge.

FEBRUARY 16, 1921.

ACTION in equity to enjoin the trustees of Grant Township, Monona County, Iowa, from opening and enlarging a natural watercourse located wholly upon the land of plaintiff. A demurrer to plaintiff's petition was sustained. Plaintiff elected of record to stand upon the petition, and appeals from a judgment dismissing same.—*Reversed.*

*Jepson & Struble,* for appellant.

*J. A. Pritchard* and *C. E. Cooper,* for appellees.

PER CURIAM.—I.   Plaintiff, who is the owner of the south one half of Section 11, Township 85, Range 44, Monona County, Iowa, sought, in the court below, to have the defendant township trustees permanently enjoined from taking any action upon or granting an application for the enlargement of a portion of a natural watercourse known as Barber Creek, which enters the east end of the south half of said tract near the center, thence flowing in an almost direct westerly course across same to the Little Sioux River, which flows in a southerly direction across the west 80 of said half section, upon the grounds that the defendants are wholly without authority or jurisdiction to grant said application, or to authorize the applicants to enter upon his premises for the contemplated purpose.

Various owners of land lying south and east of plaintiff's half section joined in an application or petition to the township trustees, which was filed with the township clerk of Grant Township on April 23, 1917, alleging that their lands were overflowed by waters escaping from the channel of Barber Creek, and flowing across plaintiff's land to the south, and asking that the same be opened and enlarged so as to provide a ditch 16 feet wide at the top, 6 feet wide at the bottom, and 5 feet deep, from a point shown upon the accompanying plat, which also shows the location of the Little Sioux River, the right of way of the Illinois Central Railroad Company, the location of the lands owned thereby, and the names of the petitioners for said improvement.

The material portions of the statute (Code Supplement, 1913) applicable to proceedings before township trustees for the right of way of one owner of land for drainage purposes across the land of another are as follows:

"Sec. 1955. Whenever the owner of any land shall desire to construct any levee, open ditch, tile or other underground drain, for agricultural, sanitary or mining purposes or for the purpose of securing more complete drainage or a better outlet, across the lands of others, or across or through the right of way and roadbed of a railroad, and shall be unable to agree with the owner of any such lands, or with any such railroad company, through whose land or property he desires to construct the same, with regard to the location or manner of constructing any such ditch, drain or levee, or with regard to the compensation to be made, or with regard to any other matter properly connected therewith, he may file with the township clerk of the township in which any such land or right of way is situated, an application in writing, setting forth a description of the land or other property through which he is desirous of constructing any such levee, ditch or drain, the starting point, route, terminus, character, size and depth thereof. Upon the filing of any such application, the clerk shall forthwith fix a time and place for hearing thereon before the township trustees of his township, which hearing shall be not more than ninety days nor less than thirty days from the time of the filing of such application and thereupon the township clerk shall cause notice in writing to be served upon the owner of each tract of land across which any such levee,

ditch or drain, is proposed to be located, as shown by the transfer books in the office of the county auditor, and also upon the person in actual occupancy of any such lands, of the pendency and prayer of such application, [and] the time and place set for hearing on the same before the township trustees,    *    *    *. Any person or corporation claiming damages as compensation for or on account of the construction of any such improvement, shall file a claim in writing therefor with the township clerk at least two days before the day fixed for hearing on the application and a failure to file such claim at the time specified shall be deemed to be a waiver of the right to claim or recover such damage    *    *    *.

"Sec. 1956.    At the time set for hearing on any such application, the trustees, if they are satisfied that the provisions of the preceding section have been complied with, shall proceed to hear and determine the sufficiency of the application as to form and substance, which application may be amended both as to form and substance before final action thereon.    They shall also determine the merits of the application, all objections thereto and all claims filed for damages that may be occasioned by the location and construction of the proposed drainage improvement, and, if deemed necessary, the trustees may view the premises.    The trustees may adjourn the proceedings from day to day, but no adjournment shall be for a longer period than ten days. When the time for final action shall have arrived, the township trustees shall, if they find that the levee, ditch or drain petitioned for will be beneficial for sanitary, agricultural or mining purposes, locate the same and fix the points of entrance and exit on such land or property, the course of the same through each tract of land, the size, character and depth thereof, when and in what manner the same shall be constructed, how kept in repair, what connections may be made therewith, what compensation, if any, shall be made to the owners of such land or property for damages by reason of the construction of any such improvements, and any other question arising in connection therewith. The trustees shall reduce their findings, decision and determination to writing, which shall be filed with the clerk of such township, who shall record it in his book of records, together with the application and all other papers filed in connection therewith,

and he shall cause the findings and decision of the trustees to be recorded in the office of the county recorder of the county in which such land is situated, and said decision shall be final unless appealed from as provided in the next section.''

''Sec. 1959. The applicant shall pay the costs of the trustees and clerk and for the serving of notices for hearing, the fees of witnesses summoned by the trustees on said hearing, and the recording of the finding of said trustees by the county recorder. He shall pay all damages awarded, before entering on the construction of the drain through the land of another. If, after the decision of the trustees locating said drain, the party applying therefor shall pay to the party through whose land said drain is to be constructed the damages awarded to said party, or shall pay the same to the trustees for his use, he may proceed to construct said drain in accordance with the decision of the trustees, and the taking of an appeal shall not affect his right to proceed with the construction of the same.     *     *     *''

This action was instituted after the service of notice upon plaintiff, and no hearing upon the application has been had before the trustees.  The foregoing sections of the statute are a part of Chapter 2, Title X, of the Code of 1897, relating to levees, drains, ditches, and watercourses, as subsequently amended.  Chapter 2 is further divided into Chapter 2-A and Chapter 2-B, the former comprising Sections 1989-a1 to 1989-a60, inclusive, which confer jurisdiction and authority upon the board of supervisors to establish drainage districts and levees, and to cause watercourses to be straightened, widened, deepened, or changed, upon the petition of one or more landowners, whenever the same will be conducive to the public health, convenience, or welfare.  Chapter 2-B, enacted by the thirty-sixth general assembly, Chapter 110, relates to the drainage of public highways, and confers jurisdiction upon the board of supervisors to carry out the provisions thereof.  In all proceedings under Chapters 2-A and 2-B, Title X, of the Code Supplements, the cost of the improvement is laid wholly or in part upon the lands benefited thereby, but no such power is conferred upon township trustees.  Section 1959, supra, provides that all costs of the trustees and clerk, including witness fees, together with all damages awarded the owner or owners of the land across

which a drain or ditch is to be constructed, shall be paid by the applicant before entering upon the land for the purpose of constructing same. Likewise, the cost of the ditch or drain shall be paid by him.

The language of Section 1955, supra, is:

"Whenever the owner of any land shall desire to construct any levee, open ditch, tile or other underground drain, for agricultural, sanitary or mining purposes or for the purpose of securing more complete drainage or a better outlet, across the lands of others," and is unable to agree with the owner thereof, he may file with the township clerk an application in writing, setting forth a description of the land or property through which he desires to construct such levee, ditch, or drain, together with the starting point, route, terminus, character, size, and depth thereof.

It is the duty of the township trustees, if they find that the application should be granted, to locate the same and to fix the points of entrance and exit, together with the course of such levee or drain across the land of such other party. The statute was manifestly designed to provide a method by which the owner of land which may be improved for agricultural, mining, or sanitary purposes by drainage and by providing a better outlet therefor, and who is willing to pay the damages, and to defray the expense of constructing the same across the land of another, may condemn a right of way therefor. No part of Barber Creek, which it is asked to have enlarged by widening and deepening, is located upon the land of the applicants, but it lies wholly upon the land of plaintiff. What the applicants desire is to obtain relief for their lands from overflow on account of the inadequacy of Barber Creek to carry excess surface water into the Little Sioux River. The statute does not purport to confer authority upon the township trustees to establish or construct drainage improvements. Whether the authority conferred upon these officers is referable to the police power, rather than to the power of eminent domain, is a matter with which we are not now concerned,—it is to fix the entrance, course, and exit of a levee or drain, upon the application of a landowner, across the land of another, and to determine and fix the damages to be paid for such right of way, and must be strictly construed. Unwarrant-

able liberality in the construction of the statutes under consideration would be necessary to bring the proposed action of the trustees within the letter or spirit thereof. The township trustees were proceeding without authority, and favorable action upon the application would have given the applicants no right to enter upon plaintiff's land for the purpose of enlarging the outlet to Barber Creek.

II. Some claim is made by counsel for appellee that relief by injunction is not the proper remedy, as Section 1959, supra, grants a right of appeal from the final decision of the township trustees. This statute, however, provides that, if the applicant shall pay the damages awarded to the party entitled thereto, or to the trustees for his use, he may proceed to construct the drain or levee in accordance with the decision of the trustees, and the taking of an appeal shall not affect his right to do so.

Plaintiff alleges in his petition that his lands will be irreparably damaged by the construction of the proposed ditch, and alleges that the township trustees are wholly without authority or jurisdiction to grant the prayer of the application filed with the township clerk. Manifestly, if the township trustees were proceeding wholly without jurisdiction or authority, and were likely to grant the prayer of the application before them, plaintiff would be entitled to an injunction to prevent the location and establishment of the proposed drain, and to prevent the applicant from trespassing upon his land. No other adequate remedy was available to him. He was not bound to await the action of the trustees upon objections filed with the township clerk, nor until adverse action was taken. It is our conclusion, and we hold, that the defendant township trustees were without authority or jurisdiction to grant the application filed with the clerk, and that the court should have enjoined the further proceedings of the board. It follows that the judgment of the court below must be and is— *Reversed.*