ALADDIN, INC., An Iowa Corporation, Appellant,

v.

BLACK HAWK COUNTY, Iowa, American Trust and Savings Bank, William Ramsey, Brad Condon, Jim Westemeier, Nancy Showers, Lavern Cutsforth, and Dave Fagley, Appellees.

No. 93–968.

Supreme Court of Iowa.

Oct. 19, 1994.

Rehearing Denied Nov. 21, 1994.

William L. Meardon and Charles A. Meardon of Meardon, Sueppel, Downer & Hayes, P.L.C., Iowa City, for appellant.

Sydney A. Thomas and David J. Dutton of Dutton, Braun, Staade, Hellman & Iversen, Waterloo, for appellee Black Hawk County.

Chad C. Leitch of O'Connor & Thomas, P.C., Dubuque, for appellee American Trust and Sav. Bank.

Peter W. Burk, Asst. Co. Atty., for members of the Black Hawk County Compensation Com'n, appellees.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

This is an appeal from the district court's ruling in a condemnation case. Plaintiff, Aladdin, Inc., challenged its condemnation award by writ of certiorari. Aladdin now asserts the court erred in (1) dismissing Black Hawk County as a party to the writ, (2) determining that the Black Hawk County Compensation Commission adequately corrected its failure to meet the requirements of Iowa Code section 472.14 (1991),[1] and (3) finding that certiorari was not the proper remedy to address challenges to the compensation commission's assessment of damages. We affirm in part, reverse in part, and remand.

---

1. Iowa Code chapter 472 has now been renumbered as Iowa Code chapter 6B (1993).

Aladdin, Inc., operated a laundry business in Waterloo, Iowa. In 1992, Black Hawk County condemned Aladdin's facilities, pursuant to Iowa Code chapter 472, in preparation for the building of a new county jail. After conducting a hearing at which both sides presented evidence of the property's value, the Black Hawk County Compensation Commission awarded Aladdin damages.

Prior to the commission's deliberations, Aladdin had requested that the commission divide the damages it assessed pursuant to Iowa Code section 472.14. That section provides:

> At the request of the condemner or the condemnee, the commission shall divide the damages into parts to indicate the value of any dwelling, the value of the land and improvements other than a dwelling, and the value of any additional damages.

Iowa Code § 472.14. The commission refused Aladdin's request, apparently believing it was not required to divide the damages. It entered a total condemnation award of $576,480.

Upon notification of the award, Aladdin petitioned for writ of certiorari. It named Black Hawk County, as well as the compensation commissioners, as defendants.[2] The petition claimed these defendants acted illegally by (1) failing to separate and divide the final award as required by statute, and (2) failing to provide just compensation. Before a hearing could be held on Aladdin's petition, the commission supplemented the condemnation report by dividing the award. At the subsequent hearing, the trial court—on its own motion—dismissed Black Hawk County as a party to the action. It also dismissed Aladdin's claims regarding just compensation, finding they were matters appropriate for appeal to the district court, not certiorari. It granted certiorari solely on the issue of the commission's failure to divide the damage award.

The district court ultimately annulled the writ following trial, concluding that the supplemental report substantially complied with the requirements of section 472.14. This appeal by Aladdin followed.

■ I. The first question is whether the district court correctly dismissed Black Hawk County as a party to the certiorari action. Certiorari permits the district court to review the acts or proceedings of an inferior tribunal, board, or officer acting in a judicial or quasi-judicial capacity. Iowa R.Civ.P. 307; *Iowa Freedom of Information Council v. Wifvat*, 328 N.W.2d 920, 922 (Iowa 1983). Its purpose is to determine whether the challenged action exceeds the tribunal's jurisdiction or is otherwise illegal. *Iowa–Illinois Gas & Elec. Co. v. Gaffney*, 129 N.W.2d 832, 834 (Iowa 1964).

■ Here, the "inferior tribunal" was the compensation commission. This body was charged, pursuant to Iowa Code sections 472.14 and 472.43, with determining and assessing damages to property condemned for public use under the power of eminent domain. The county neither presided over the condemnation proceedings, nor determined the assessment of damages. Therefore, the district court properly dismissed it as a party.

■ II. Iowa Code section 472.14 clearly requires division of the award upon request of the condemnee. Here the commission complied with the statute only after Aladdin filed its petition for certiorari challenging the statutory violation. The question on appeal is whether the court erred in refusing to sustain the writ on this ground. We think not.

Although the commission initially balked at making the division, it otherwise fulfilled the main purpose of the statute—that is, to assess Aladdin's damages and file a written report. The supplemental report, filed three weeks later, did not change the total amount of Aladdin's award. Aladdin has tendered no proof that the delay disadvantaged it in any way. Given the commission's substantial compliance with the statute, and the lack of any prejudice caused by its error, we find no merit in Aladdin's contention that the court

---

**2.** American Trust and Savings Bank was named as a defendant solely because of its position as a lienholder of record pursuant to Iowa Code §§ 472.3(3) and 472.21. Although it filed a separate brief, the bank took a position identical to Aladdin on all issues and arguments.

should have sustained the writ on this ground.

III. The final issue is whether the district court erred when it annulled the writ with respect to Aladdin's other claims on the ground they should have been challenged by way of appeal, not certiorari. Before the district court, and now on appeal, Aladdin contends that its challenge is not strictly aimed at the *size* of the award, but at the lawfulness of the *method* used to reach it. Specifically, Aladdin argues the commission improperly deducted toxic cleanup costs alleged by the county, and did not adequately consider alleged promises made by the county to purchase its laundry equipment. On the latter point, the county's attorney advised the commission that any such promises made would be litigated separately.

 Although the question is a close one, we believe that Aladdin's claims, when viewed in the most favorable light, were entitled to be heard on certiorari. Illegality exists, for purposes of certiorari, when the tribunal fails to apply the proper law. *Iowa Freedom of Information Council,* 328 N.W.2d at 922. In fact, an appellant cannot raise legal questions on appeal in a condemnation action. *Aplin v. Clinton County,* 256 Iowa 1059, 1062, 129 N.W.2d 726, 728 (1964) (citing *Stellingwerf v. Lenihan,* 249 Iowa 179, 85 N.W.2d 912 (1957)). Faced with a similar challenge in *Aplin,* this court held:

> [I]f the commission failed to give due consideration to the elements of damage suffered by the condemnees, failed to fully, intelligently and competently inquire into the damages they suffered by this proposed taking, as alleged by petitioners, the proceedings should be reviewed and may be declared void in a certiorari action. Only a valid and legal appraisement can sustain the board's action of taking.... It must, therefore, be concluded certiorari was the proper procedure to review the commission's compliance with statutory and constitutional requirements for a valid condemnation.

*Id.* at 1062, 129 N.W.2d at 728–29; *accord Miller v. Palo Alto Bd. of Supervisors,* 248 Iowa 1132, 1134, 84 N.W.2d 38, 42 (1957);

*Abney v. Clark,* 87 Iowa 727, 730, 55 N.W. 6, 8 (1893).

 In keeping with *Aplin,* the district court's refusal to consider Aladdin's challenge on certiorari must be reversed. We remand for a ruling, on the record previously made, whether the illegality alleged by Aladdin occurred so as to invalidate the compensation award. No inference should be drawn from this opinion regarding the merits of the claim.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**