HENRY L. JAMES et al., Appellants, v. CONSOLIDATED INDEPEND-
ENT DISTRICT OF STANLEY et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Government—Powers of Board—
1  Noninterference by Courts. The courts will not interfere with the
conclusion of the school board of a consolidated independent dis-
trict that it is advisable for the time being to erect a temporary
structure at a cost of not to exceed $2,000 (39 G. A., Ch. 175, Sec.
23), for the purpose of supplementing the present inadequate school
quarters.

**SCHOOLS AND SCHOOL DISTRICTS:** Government—Power of Direc-
2  tors Over Minor Expenditures. The board of directors of a con-
solidated independent school district has full authority, under Sec,
23, Ch. 175, 39 G. A., and without the calling of an election to vote
thereon, to expend a sum not exceeding $2,000 in the erection of a
temporary building to supplement inadequate school quarters.

**APPEAL AND ERROR:** Right of Review—Estoppel by Laches. An
3  interlocutory order dissolving a temporary injunction will be af-
firmed on appeal when appellant makes no effort to secure a re-
straining order to preserve the *status quo* pending appeal, and by
inaction allows the proceedings to drag along until there is no
subject-matter upon which the injunction could act in case of a
reversal.

*Appeal from Buchanan District Court.*—GEORGE W. WOOD,
Judge.

DECEMBER 15, 1922.

PROCEEDINGS in equity, to enjoin and restrain the expendi-
ture of the moneys or funds of the defendant district for the
erection of a temporary building for school purposes. A tem-
porary injunction was asked for and issued, and later dissolved,
on motion of the defendants. From this order, plaintiffs ap-
peal.—*Affirmed.*

*E. R. O'Brien,* for appellants.

*Hasner & Cherney,* for appellees.

WEAVER, J.—The plaintiffs are property owners and tax-payers in the Consolidated Independent District of Stanley, the proper establishment and organization of which district is not contested. The petition alleges, in substance, that the consolidated district as organized embraces a territory formerly organized into several separate independent school districts; that, since the consolidation was effected, no central schoolhouse or building has been constructed or provided, to accommodate the enlarged or consolidated school, and that the defendant board of directors have maintained and conducted a school or schools in the buildings formerly used by the several smaller districts. It is further alleged that the directors have not only failed to provide a central or main building suitable for the needs of the consolidated district, but have been guilty of "illegal and fraudulent" violation of their official duty, in that they have (1) appointed a committee to locate a site for a proposed temporary school building unsuitable for the needs of the district; (2) failed to prepare "permanent" plans for a suitable building and procure their approval by the county superintendent of schools; (3) published notice in public print of intention to let a contract for the erection of such proposed temporary building; (4) failed to call a meeting or election for the submission of the question of levying a tax for a building suitable for the needs of the district; and (5) propose to appropriate from the moneys in the treasury a sum not exceeding $2,000, not for the purpose of repairing any school building now owned by the district, but for a temporary structure, a purpose for which the law gives them no authority.

It is further alleged that, owing to the present excessive cost and expense of constructing and providing a suitable permanent building for the consolidated district, it "is the conviction of the plaintiffs" that said district can "be properly managed and conducted for the time being through the method followed since the date of its organization, by having the school conducted in the buildings that were formerly used by the various independent districts which were embraced within the boundaries of the consolidated district."

The petition, therefore, prays a temporary injunction to

1. SCHOOLS AND SCHOOL DISTRICTS: government: powers of board: noninterference by courts.

restrain the defendants from their alleged illegal proceedings for the erection of a temporary building and from expending or using the funds of the consolidated district for such purpose until they have submitted the question of the levy of a tax for such expenditure to the electors of said district; and that, upon final hearing, the injunction be made permanent.

To this petition, the defendants admit the due organization of the district, but deny all allegation of wrong and fraud in their conduct of the business of the consolidated district. They further allege that, in the exercise of their proper authority, they have located the site for the consolidated school in the town of Stanley, the only town within its territory; that in such town is an old school building formerly used by the separate independent district which is included within the consolidation; that said old building is inadequate to house the consolidated school; that, after due consideration of the present excessive cost of constructing a new permanent central building, the board determined to supplement the accommodations afforded by the old building at Stanley by erecting a temporary structure to be used in connection therewith, to cost not to exceed $2,000, thus affording room in which to conduct a central school, and as the law contemplates in the organization of such districts; that they have not contemplated and do not propose to issue bonds or to levy a tax for the erection of said building; that neither bonds nor taxes are necessary; and that the funds now on hand in the treasury are sufficient for the purposes of the improvement.

With the filing of the answer, defendants also moved a dissolution of the temporary injunction, which motion was sustained, and the injunction dissolved on July 21, 1921. No trial on the merits has ever been had, and so far as the record shows, the effect of the order dissolving the injunction has never been suspended by supersedeas in the trial court or by restraining order in this court. It is said by counsel in argument, and is not denied, that, in the interim since the dissolution of the injunction, the board has in fact proceeded with the proposed improvement, and has completed the same for its designed purpose, all with the knowledge and under the observation of the appellants, who have allowed four or more terms of the district court to pass

without attempting to bring their action to trial on its merits; and that now there is nothing left upon which a writ of injunction could operate, should the trial court find, on final trial, that there was originally any merit in the appellee's complaint. Such is the state of the record as submitted to this court, and the sole question before us is whether the trial court erred in dissolving the injunction.

I.   Counsel for appellants argues that, although the ruling excepted to was the order sustaining the motion to dissolve the injunction, yet it may and should be considered as, in effect, a trial upon the merits of the controversy, and the order sustaining the motion to dissolve should be regarded as a final decree upon all the issues joined. To this we are unable to agree. But even if we were disposed to hold with counsel upon that proposition, we think it clear that, taking the petition filed as literally true, it discloses no fact or facts upon which an injunction could be properly predicated, and that the trial court could properly order the dissolution of the writ as having been improvidently granted. Passing the point made by the appellees that the writ was granted without notice to the consolidated district, and assuming, for the purposes of this case, that notice was not necessary, it must still be said that no fact or state of facts is revealed by the pleadings indicating any act or purpose to act on part of the appellees in excess of the rightful authority and discretion vested in them. The charge that the board has acted or is acting "illegally" or "fraudulently" states no cause of action, in the absence of some specific allegation of fact, proof of which will justify the court in granting the demanded relief. No such allegation is found in the petition. The statute defining the authority of the board of directors (Laws of the Thirty-ninth General Assembly, Chapter 175, Section 23) makes it the duty of each consolidated school district to provide a suitable central "building for such school in that district and may, at the regular or special meeting, call a special election to submit to the qualified electors of the district the question of voting a tax, or authorizing the board to issue bonds, or both, for any or all of the following purposes: To secure a site, build or equip a schoolhouse, to build a super-

2. SCHOOLS AND SCHOOL DISTRICTS: government: power of directors over minor expenditures.

intendent's or teacher's house, or to repair or improve any school building or grounds *when the cost will exceed $2,000.*"

This clearly implies authority in the board to do each and all of the things enumerated, without the necessity of calling an election or submitting the question to the vote of the electors when the cost thereof does not "exceed $2,000." It should be kept in mind that plaintiffs are not complaining because the board does not proceed with steps to construct the needed permanent central building, but, on the contrary, are opposed to such a plan because of present unfavorable business conditions, and advocate the continued use of the old buildings of the several districts which have been consolidated into the defendant district, embracing a territory of 44 square miles. It will be thus seen that the question whether the board shall be compelled to provide a suitable permanent central building is not before us, and the controversy resolves itself into a mere question of policy whether it is advisable for the board, within the allowable limit of $2,000, to meet the emergency by supplementing the accommodations afforded by the one old building now at the site selected for the permanent central building when finally constructed, with a temporary structure which shall make practicable the centralizing of all the schools within the consolidated territory, without awaiting the uncertain arrival of a "good time coming," when the permanent building enterprise can be accomplished at a less burdensome expense. It appears in the record without dispute that, at the town of Stanley, which the board has selected as the site of the central building, is an old schoolhouse of five rooms, inadequate for the purposes of the centralized schools of the district; and the board has sought, while yielding to the argument for postponement of the permanent new building, to perfect the centralization of the schools by using the old building, and in connection therewith to erect a temporary structure which shall be sufficient to meet the present need. We think it not open to reasonable doubt that upon this question of policy the judgment and discretion of the board are not subject to control by the courts, and that the plaintiffs as taxpayers or patrons of the school have no interest or standing enabling them to maintain such an action. To justify the employment of an injunction to interfere with the official action

of the directors, there must be a showing of some act or some proposed or threatened act on the part of the board in excess of the authority and discretion reposed in them by the statute. Nothing of the kind is here shown. Counsel seem to argue that the board may not lawfully expend the district moneys unless it be for "repairs" upon a building already owned by the district, and that the providing of a "temporary" structure for the accommodation of the overflow of attendance is not a repair, within the meaning of the statute. But the authority of the board is not limited to "repairs." It is not only within its power, but is its duty, to "provide a suitable building" for a "central school," and within the maximum of $2,000, it may "secure a site" or "build" or "equip" a schoolhouse or "repair" or "improve" any school building or grounds. If the old building be inadequate or unsuitable, why may not the board meet the need and perform its duty to "provide" a suitable building by enlarging its capacity, or by erecting an addition or even an independent structure, without the calling of an election or the levying of a tax, so long as the cost of such improvement does not exceed the specified limit? Suppose it had so happened that, at or near the selected site for the central school, there had been a vacant building, a church or hall or other available structure, and the board had taken a lease of such structure and made use of it as a temporary home for the consolidated school, and had expended money in making such changes in the leased property as were necessary to adapt it for temporary use while awaiting the erection of the new central building, would counsel contend that such act would be "illegal" or "fraudulent" because the plan for thus meeting the emergency was not submitted to a popular election or for the levy of a tax? We are quite sure that such objection could not be entertained. For the reasons above suggested, the petition fails to state any ground for injunctive relief, and the court properly dissolved the writ.

II. Even if it should be held that the petition states a valid ground for the issuance of an injunction, we are of the opinion that plaintiffs' failure to secure any stay of proceedings

3. APPEAL AND ERROR: right of review: estoppel by laches.

pending their appeal from the order dissolving the temporary writ, and their permitting the issues upon the merits to be continued from term to term, without effort to bring the same to trial, thus allowing the defendants to proceed with the proposed improvement and expend the moneys of the district without interference, thus accomplishing the very thing which the injunction was designed to prevent, are sufficient to require an affirmance of the ruling appealed from. An injunction is designed as a preventive relief, and if the ruling below were to be now reversed, and the cause were to be remanded, with directions to reinstate the injunction, there would be nothing upon which it could operate.

III. We shall not discuss the questions of procedure and practice which have been argued by counsel. Our finding that the petition does not state a case justifying the issuance of an injunction renders decision upon the points so made unnecessary. For the reasons stated, the order appealed from is— *Affirmed.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.