RAY M. WELTON, Appellant, v. IOWA STATE HIGHWAY COMMISSION et al., Appellees.

No. 39791.

NOVEMBER 12, 1929.

*Thomas J. Bray,* for appellant.

*John Fletcher,* Attorney-general, and *Gerald O. Blake,* Assistant Attorney-general, for appellees.

WAGNER, J.—The plaintiff, in his petition, alleges that he is the owner of certain land in Mahaska County, upon which an orchard, consisting of about twenty apple trees, is located,

 in close proximity to the buildings and improvements thereon; that the defendants, constituting the membership of the state highway commission and its chief engineer, have taken steps to establish a primary highway through said land and through said orchard, and have instituted a proceeding to condemn the said land for the purpose of using the same in the construction of said primary highway; and that, unless restrained by an injunction, they will establish and construct said highway through plaintiff's orchard and destroy the same; that plaintiff has not consented to the establishment of said highway through his orchard. He prays for a temporary injunction, restraining the defendants from establishing the highway through his orchard, and that, upon final hearing, said injunction be made permanent.

Special appearance was made by the defendants, denying the jurisdiction of the court, for the reason, as claimed, that the Iowa state highway commission and its members are an agency or arm of the state, and that this action is, in effect, one against the state; and further alleging that the petition fails to show fraud, illegality, or derogation of the authority vested in the defendants, and that the proper remedy of the plaintiff is by appeal from the award of damages, or by certiorari, and not by injunction. Said special appearance was sustained, and the cause dismissed at plaintiff's costs, and he appeals.

This is a companion case to *Hoover v. Iowa State Highway Com.*, 207 Iowa 56. While we deem it immaterial, it perhaps is not amiss to say that, since the time of our pronouncement in the *Hoover* case, Section 4755-b27 of the Code of 1927, therein discussed, has been amended. See Chapter 21, Acts of the Forty-third General Assembly.

The appellees have filed a motion to dismiss this appeal, or affirm the decision of the district court, for the reasons that the appeal presents only a moot question, which this court will not consider, and that the rights of the parties have been fixed and determined, so that a decision on this appeal will not change the status of the parties, and could not affect the subject-matter of the action. It is substantiated by uncontroverted affidavit that, subsequent to the decision of the district court in this case, and in the absence of an order staying appellees' actions, the road in controversy was established, and the land in question,

including the claimed orchard, was taken and used by the appellees for primary road purposes, and that the road has been fully constructed and paved through the premises involved in this action; that the appellant has perfected an appeal to the district court of Mahaska County from the award of the condemnation commissioners as to the amount of his damages by reason of the taking of the identical property involved in this action, which cause was assigned for trial in the district court of Mahaska County, to begin on the very day of the submission of this cause to this court.

It will thus be observed that, during the pendency of the appeal, the plaintiff did not obtain a restraining order from this court, as was done in the *Hoover* case, supra. This court  has the power, upon the making of an application, to grant a restraining order, to maintain the *status quo* of the parties during the pendency of an appeal; and when no other means of protection is afforded by the law, there is no hesitancy in granting the order. See Section 12831 of the Code, 1927; *Manning v. Poling,* 114 Iowa 20; *Norris v. Tripp,* 111 Iowa 115; *Horrabin v. City of Iowa City,* 160 Iowa 650; *James v. Consolidated Independent District of Stanley,* 194 Iowa 1224.

It is apparent from the uncontroverted affidavit that the orchard has been taken for highway purposes, and the paving laid. No order which we can now make, can preserve to appellant his orchard. Neither was he, in the first instance, entitled to both the orchard and damages for the taking of it. He has apparently abandoned his original claim for an injunction, and has sought, in lieu thereof, damages for its condemnation. He cannot have both, and we are powerless to restore to him the orchard. As said in *James v. Consolidated Ind. Dist. of Stanley,* 194 Iowa 1224:

"An injunction is designed as a preventive relief, and if the ruling below were to be now reversed, and the cause were to be remanded, with directions to reinstate the injunction, there would be nothing upon which it could operate."

In *Thie v. Consolidated Ind. Sch. Dist. of Mediapolis,* 200 Iowa 359, we held that an appeal from a refusal to enjoin the

erection of a schoolhouse will be dismissed when it is made to appear that the schoolhouse has already been erected.

In *Richman v. Letts,* 202 Iowa 973, we declared:

"There is nothing that the trial court or this court can now do in the premises that would be effectual to change the status of the situation. The very essence of the case in the court below has vanished, * * *"

In *Chicago, R. I. & P. R. Co. v. Dey,* 76 Iowa 278, we find the following pronouncement:

"There must be real, present questions, involving actual interests and rights of the parties, to authorize us to consider the cases in which they arise. We will not settle questions which were involved in rights now no longer existing; and when, in a case pending in this court, rights cease to exist, the appeal will be dismissed."

Our pronouncements in the foregoing cases are determinative of appellees' motion to dismiss.

The only thing that could possibly be affected by our decision of this case upon the merits would be the matter of costs, and we have repeatedly held that we will not determine an appeal where the only question involved is one of costs. See *Manning v. Heath,* 206 Iowa 952; *McGovern v. McGovern,* 192 Iowa 1196.

For the reasons hereinbefore given, the appeal is hereby dismissed.—*Dismissed.*

ALBERT, C. J., and STEVENS, MORLING, and GRIMM, JJ., concur.