EDWARD STELLINGWERF, appellant, v. D. J. LENIHAN et al.
(members of Board of Park Commissioners of Le Mars)
and FRANK SCHOLER, sheriff, appellees.

No. 49315.

(Reported in 85 N.W.2d 912)

NOVEMBER 12, 1957.

180

Murray & Murray, of Sheldon, and E. P. Murray, of Le Mars, for appellant.

James P. Kelley, of Le Mars, for appellees.

PETERSON, J.—Plaintiff is the owner of a tract of 14.3 acres in Le Mars. Defendant Board of Park Commissioners filed application with defendant sheriff for condemnation of the land. Notice was served on plaintiff as to appraisal of damages, to be made on June 8, 1957. June 7 plaintiff filed this action in equity to enjoin the condemnation proceedings. Plaintiff's petition alleged that while the application for condemnation was for park purposes, in accordance with section 370.24, 1954 Code, the truth was that defendants were condemning for the purpose of securing at least five acres out of the tract as an armory site. Plaintiff contends the condemnation was not in good faith, but was a subterfuge to condemn land for other than park purposes. Upon filing petition the trial court granted a temporary injunction ex parte, based on the verified allegations of the petition. The order was conditioned on plaintiff filing bond in the amount of $1000, which he filed, and temporary injunction was issued. June 14 defendants filed motion to dissolve the temporary injunction, denying plaintiff's right to equitable relief on the issues raised in the petition. Defendants filed answer denying right of plaintiff to test the legality of condemnation proceedings in equity. To this answer plaintiff filed reply and filed resistance to the motion to dissolve temporary injunction. June 21 the trial court held a hearing on motion to dissolve, at which hearing evidence was presented in support of the allegations of the petition. The trial court dissolved the injunction. New notice of condemnation was served on plaintiff and time for appraisal of damages was fixed for July 6. June 28 plaintiff filed application in accordance with R. C. P. 332 for appeal as to the interlocutory order of the trial court dissolving the temporary injunction. After notice and hearing, order was entered by Justice Oliver of the Supreme Court granting an appeal from the ruling, and staying all proceedings pending determination of the appeal. July 9 plaintiff served notice of appeal.

I. Section 370.24, 1954 Code, provides with reference to

condemnation by a park board: "If said board and the owners of any property desired by it for *park purposes* cannot agree as to the price to be paid therefor, it may cause the same to be condemned in the manner provided for taking land for municipal purposes." (Emphasis ours.) As a part of the general powers of a park board, section 370.12 provides: "It may sell, subject to the approval of the city council, exchange, or lease any real estate acquired by it which shall be found *unfit or not desirable for park purposes;* * * *." (Emphasis ours.)

Appellant's counsel presented extended argument as to the issue to be decided when the case is tried on its merits. This issue we cannot consider on this appeal. The only question before us is whether appellant offered sufficient evidence to justify temporary injunction until the case is tried and decided on the question of permanent injunction. Doubtless both parties are desirous of offering complete evidence on trial of the case.

A trial court should not grant a temporary injunction against condemnation when alleged unauthorized use of the property involved is based only on rumors or is merely possible or doubtful. Amdor v. Cooney, 241 Iowa 777, 43 N.W.2d 136; Dawson v. Laufersweiler, 241 Iowa 850, 43 N.W.2d 726. This is the claim of appellees as to evidence offered, and is the position taken by the trial court.

If an illegal act is threatened and remedy at law is inadequate, the trial court has authority to grant a temporary injunction to maintain the status quo until the case is tried on its merits. Van Horn v. City of Des Moines, 192 Iowa 1313, 186 N.W. 193; Chicago, R. I. & P. Ry. Co. v. Woods, 196 Iowa 1063, 195 N.W. 957; Wolf v. Lutheran Mut. Life Ins. Co., 236 Iowa 334, 18 N.W.2d 804; Kent Products, Inc., v. Hoegh, 245 Iowa 205, 61 N.W.2d 711. This is the claim of appellant as to the evidence.

In order to decide the question involved we will review material and pertinent testimony. At the hearing appellant presented the testimony of four witnesses: Mayor of Le Mars; two members of Park Board; plaintiff.

Mayor Long testified: "Q. And you plan to use part of it for an armory, don't you? A. Yes. * * * I presided at the meeting and told him [plaintiff] what council had in mind, telling

him that in the past three or four years they had this piece of land in mind for park purposes and that in the meantime the armory site had been wanted and the two could be handled together as park purposes. * * * At that time the question of an armory was before the council. * * * Q. Did you tell him his site had been selected, or some other site, or what did you say to him at that time besides what you have testified to? ·A. We had decided that was the logical piece for the armory provided we got it for park purposes. Q. * * * Eventually the armory would get part of this property? A. I think so."

Park Commissioner Post testified: "I know there were persons connected with the Government here in Le Mars looking for a site for an armory. I talked to one of them. He was Colonel Johnson who was with the State National Guard. He was here in 1957 shortly before the decision was made to start action to condemn this ground. * * * Their first choice was the five-acre tract, more or less, in the property now owned by Mr. Stellingwerf. Colonel Johnson made the statement that it was within his power delegated by General Tandy to select the site and that he approved this site. Q. And did he tell you he wanted to condemn the ground for a site? A. He wanted us to acquire it. * * * If we continue with the condemnation proceedings, it is the intention to acquire title to this property. As a matter of law, I couldn't say who conveys title to the armory. It would appear that the Park Board would have to acquire the full title. I don't know the technical law; whether the Park Board could transfer title. from itself to the National Guard or whether it would have to be handled by the city. * * * It is our understanding that the property will be turned over, cost-free, to the National Guard of the State of Iowa, who, in turn, transfer title, as we understand it, to the Federal Government. * * *."

Plaintiff testified: "At the council meeting the Mayor, Mr. Long, got up and said, 'Well, Mr. Stellingwerf, they have approved your site as an armory'." With reference to a conversation between plaintiff, Mr. Murray and Mr. Lenihan, one of the Park Commissioners, plaintiff testified: "Q. What was said then? A. Mr. Lenihan said, 'You've got us over a barrel. We can't condemn that land for an armory. * * * We've got—we've got

enough park.' Q. Who said that? A. Mr. Lenihan. 'We don't need it for park purposes'."

II. Appellant has no adequate remedy at law. Appellant cannot raise the legal question on appeal in a condemnation action. The only question involved in eminent domain procedure is the value of the property taken. Section 472.25, 1954 Code, provides: "Right to take possession of lands. Upon the filing of the commissioners' report with the sheriff, the applicant may deposit with the sheriff the amount assessed in favor of a claimant, and thereupon the applicant shall, except as otherwise provided, have the right to take possession of the land condemned and proceed with the improvement. No appeal from said assessment shall affect such right, except as otherwise provided." See Cowan v. Grant Township, 190 Iowa 1188, 181 N.W. 637; Longstreet v. Town of Sharon, 200 Iowa 723, 727, 205 N.W. 343, 344. In the latter case we said: "More than this, this court is committed to the doctrine that the only appealable issue in matters of this kind is from the award of damages." Plaintiff's only remedy to test the question of whether defendants can condemn the land and then immediately convey same to the State of Iowa or the United States Government is by an action in equity. Hoover v. Iowa State Highway Comm., 207 Iowa 56, 222 N.W. 438; Welton v. Iowa State Highway Comm., 208 Iowa 1401, 227 N.W. 332; Porter v. Board of Supervisors, 238 Iowa 1399, 28 N.W.2d 841; 18 Am. Jur., Eminent Domain, page 734; 29 C. J. S., Eminent Domain, section 90, page 884; 30 C. J. S., Eminent Domain, section 401, page 120; Iowa Electric Co. v. State Board of Control, 221 Iowa 1050, 266 N.W. 543; Bachman v. Iowa State Highway Comm., 236 Iowa 778, 20 N.W.2d 18.

Hoover v. Iowa State Highway Comm., supra, was a condemnation action involving the taking of an orchard; condemnation was abated, pending the appeal, by an order from a Justice of this court. The trial court denied permanent injunction. We reversed. In the Welton and Porter cases plaintiffs permitted the condemnation to be concluded and then raised the question of the legal right to take the property in an appeal from the condemnation appraisal. Welton v. Iowa State Highway Comm., supra, page 1403 of 208 Iowa, refers to the Hoover case, and stated that a request for restraining order should have been

made prior to condemnation and, if so, there would have been "no hesitancy in granting the order." In the Welton case the road was constructed after condemnation, and in the Porter case the ditch was constructed and was in operation before the appeal was tried. We held, page 1404 of 238 Iowa, since the road and the ditch had become "an established fact" there was no manner in which we could interfere or grant relief.

While the facts in case of Van Horn v. City of Des Moines, supra, were such that a temporary injunction was denied, yet there is a similarity as to issues, and the language and reasoning used by Justice Evans in the opinion are applicable to this case in support of granting a temporary injunction. We quote from pages 1314, 1315, 1317 of 192 Iowa, pages 193, 194 of 186 N.W.:

"The case on its ultimate merits is a very important one, but the question involved in this appeal is comparatively simple. At the time of the hearing on the application for a temporary writ, the main case was not at issue. The ultimate merits remain untried. Though the ultimate merits have not been ignored by respective counsel in their arguments here, there is no suggestion of a stipulation that such merits be settled by decision at this time. On the contrary, the plaintiff contends that the only question before us is that of the propriety of the granting of the temporary injunction. He is entitled to maintain this contention, and we shall conform our opinion thereto. In view of the narrow scope of the question thus presented, we prefer neither to intimate nor to form any opinion as to the final merits of the case. We shall, therefore, consider the evidence presented at the hearing for a temporary writ only as such evidence bears upon the question: Was the case presented an appropriate one for the issuance of a temporary injunction? * * *

"The rule which guides the discretion of the trial court in ordering or refusing a temporary writ of injunction is a very general one, and is of the very essence of equity. Its dominant purpose is to so preserve the rights of the parties, pending the main litigation, that neither shall be despoiled of the fruit of his success upon the final merits.

"* * * Nor should it [temporary injunction], in any event, be issued in favor of either party, except for the purpose of

preserving in pending litigation some right which would otherwise be irreparably lost."

In the case at bar the "right" or "fruit of his success" claimed by appellant, if sustained in the hearing on the merits of the case, will be lost if a temporary injunction is not granted.

█ In view of appellant not having an adequate remedy at law, we find the issue involved is sufficiently important and adequately established by evidence, so that a temporary injunction should issue against appellees, staying condemnation until the case as to permanent injunction is tried and decided.

The case is reversed with instructions to the trial court to order issuance of a temporary injunction against defendants, upon plaintiff filing bond of $1000, restraining further procedure as to condemnation until hearing and decision in this case on its merits.—Reversed with instructions.

All JUSTICES concur.