**PLANNED PARENTHOOD OF MID-IOWA, An Iowa Non-Profit Corporation, Appellee,**

v.

**Judy MAKI, Appellant.**

**No. 91–290.**

Supreme Court of Iowa.

Dec. 24, 1991.

Judy Maki, pro se.

Robert D. Sharp of Belin, Harris, Lamson, McCormick, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

PER CURIAM.

Planned Parenthood of Mid–Iowa Foundation owns property located on 19th Street in Des Moines, Iowa. Plaintiff, Planned Parenthood of Mid–Iowa, Inc., leases the entire property from the foundation and does not sublease any portion of the building or its grounds. Planned Parenthood is a nonprofit corporation offering reproductive counseling and health care

services to individuals. Planned Parenthood also performs abortions.

Judy Maki, a Newton resident, is affiliated with and is a director of a group known as Iowa Operation Rescue. This is a group of individuals who feel called upon to rescue the unborn from abortion. The "rescues" here consist of various activities in and around the Planned Parenthood clinic designed to prevent individuals from having abortions.

On several occasions since October 1988, Maki has entered upon the property of Planned Parenthood, approached patients on the premises, and blocked the doors or actively encouraged others to do so. On each occasion, Planned Parenthood representatives informed Maki to leave the premises. When Maki refused to leave, the police were called. As a result, Maki has been arrested four times. On April 8, 1989, Maki was charged with disorderly assembly and resisting arrest. Maki was found guilty of disorderly assembly and sentenced to three days in jail. On April 29, 1989, Maki was again charged with disorderly assembly and failure to leave or disperse. Maki was found guilty of failure to leave or disperse and sentenced to three days in jail. On July 1, 1989, Maki was arrested and charged with disorderly conduct. She received a deferred sentence. On January 13, 1990, Maki was arrested and charged with disorderly assembly and resisting arrest. Maki pled guilty to the charge of disorderly assembly and was sentenced to three days in jail. On no occasion was Maki seeking services at Planned Parenthood.

In October 1990, Planned Parenthood filed a petition seeking to permanently enjoin Maki from trespassing upon its property, disrupting its business, and interfering with its patients. Based on the petition and supporting affidavits, a temporary injunction was issued against Maki. A hearing was scheduled to consider the permanency of the injunction.

During the proceedings Maki argued that an injunction would violate her rights of free exercise of religion and free speech as guaranteed by the First Amendment of the Constitution of the United States. Maki also advanced the defense of necessity as justification for her actions.

Following consideration of the evidence, the district court vacated the temporary injunction and entered a permanent injunction against Maki. The order provided that,

Judy Maki is hereby permanently enjoined and restrained from in any manner, or by any means, trespassing on, blockading, impeding or obstructing access to or egress from the following premises:

Planned Parenthood of Mid–Iowa, Inc. 851 19th Street, Des Moines, Iowa.

Maki has filed an appeal following entry of this order, challenging the issuance of the injunction. On appeal, Maki argues that the requirements for issuing an injunction were not met, that she established the defense of necessity, and that the injunction violates her constitutional right to freedom of religion. We affirm the district court's decision.

■■■ An injunction is an extraordinary remedy which should be granted with caution and only when clearly required to avoid irreparable damage. An injunction should issue only when the party seeking it has no adequate remedy at law. *Presto-X-Co. v. Ewing*, 442 N.W.2d 85, 89 (Iowa 1989). A court of equity should carefully weigh the relative hardship which would be incurred by the parties upon the award of injunctive relief. *Green v. Advance Homes, Inc.*, 293 N.W.2d 204, 208 (Iowa 1980). Courts usually do not enter injunctions to prevent acts which are independently subject to penal laws. In the usual case, the penalty provided by statute is adequate. The party seeking to enjoin criminal acts must show the inadequacy of the legal remedy. The test is whether the facts demonstrate a necessity for intervention of equity in order to protect rights cognizable in equity. *State ex rel. Clemens v. Toneca, Inc.*, 265 N.W.2d 909, 915 (Iowa 1978). Generally, an injunction will lie to restrain repeated trespasses so as to prevent irreparable injury and a multiplici-

ty of suits. *Casteel v. Town of Afton*, 227 Iowa 61, 287 N.W. 245 (1939).

Maki contends that her acts do not constitute a trespass but instead are justified based on the defense of necessity. We apply the necessity defense only in emergency situations where the threatened harm is immediate and the threatened disaster imminent; the individual must be stripped of all options available to avoid both evils. *State v. Walton*, 311 N.W.2d 113, 117 (Iowa 1981). The necessity defense is generally not available to excuse criminal activity by those who disagree with the policies of the government. *United States v. Kabat*, 797 F.2d 580, 591 (8th Cir.1986). Thus, we do not believe the necessity defense has been established here to excuse Maki's repeated trespasses. *NOW v. Operation Rescue*, 747 F.Supp. 760, 770 (D.D.C.1990).

Maki also argues that an injunction is not appropriate here since Planned Parenthood has an adequate remedy at law and has not suffered irreparable injury from Maki's acts. We disagree. The record supports the district court's finding that reliance on recovery of money damages is inadequate and would only lead to a multiplicity of suits arising out of repeated acts of trespass. Similarly, reliance on criminal penalties has proven inadequate since prior arrests have not deterred Maki from continued trespasses. Maki's repeated trespasses have also interfered with Planned Parenthood's right and ability to conduct its business. Based on our review of the record, we find that Planned Parenthood proved the necessary prerequisites for the issuance of an injunction and that there is no adequate remedy at law. *Kugler v. Ryan*, 682 S.W.2d 47 (Mo.App.1984).

Finally, Maki argues that the enforcement of the injunction deprives her of her constitutional rights. Specifically, Maki believes that the injunction infringes on her right to freedom of religion. We have held that, "In order to sustain a claim under the free exercise clause, there must be a substantial interference by the State with the exercise of a 'sincerely' held central 'religious belief.' " *State v. Olsen*, 315 N.W.2d 1, 8 (Iowa 1982) (emphasis in original). Recently, the United States Supreme Court has stated that, "... the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).' " *Employment Division v. Smith*, 494 U.S. 872, 879, 110 S.Ct. 1595, 1600, 108 L.Ed.2d 876, 886 (1990) (citing *United States v. Lee*, 455 U.S. 252, 263 n. 3, 102 S.Ct. 1051, 1058 n. 3, 71 L.Ed.2d 127 (1982) (Stevens, J., concurring in judgment)). We find that the district court's injunction does not unconstitutionally infringe Maki's free exercise of religion. Nor do we find that the injunction unconstitutionally infringes upon Maki's freedom of speech. *State v. Scholberg*, 412 N.W.2d 339, 340 (Minn.App.1987).

Upon examination of the record and after balancing the relative hardships of the parties in this case, we agree with the district court that injunctive relief is appropriate. Accordingly, we affirm the decision of the district court.

AFFIRMED.

All Justices concur except HARRIS, J., who concurs in the result only.