**LEWIS INVESTMENTS, INC., Appellant,**

v.

**CITY OF IOWA CITY, Iowa, Appellee.**

No. 03–1383.

Supreme Court of Iowa.

Sept. 2, 2005.

Martin A. Diaz, Iowa City, for appellant.

Mitchel T. Behr, Assistant City Attorney, Iowa City, for appellee.

TERNUS, Justice.

Plaintiff, Lewis Investments, Inc., was granted permission to bring this interlocutory appeal from the district court's denial of the plaintiff's motion for temporary injunction. The temporary injunction was sought to maintain the status quo while the plaintiff pursued its primary claim, an equitable action seeking a permanent injunction against the condemnation of its property as a public nuisance by the defendant, City of Iowa City, Iowa. *See* Iowa Code § 364.12A (2003) (allowing city to condemn a residential building to rehabilitate or demolish a public nuisance). The plaintiff claimed its opportunity to be heard at the city council meeting at which the city declared the property a public nuisance was inadequate under the Due Process Clause. The district court denied temporary injunctive relief, concluding that Lewis had been provided due process.

On appeal, the city argues the plaintiff's appeal is moot because the condemnation has now occurred. Upon considering the arguments of the parties and the pertinent law, we conclude the appeal is not moot. We also agree with the district court that the plaintiff has failed to establish a necessary prerequisite for temporary injunctive relief: a likelihood of success on the merits. Our decision rests, however, on a different ground, namely that the plaintiff had an adequate remedy at law to challenge the city's public-nuisance determination—a certiorari action—and for that reason would not be entitled to permanent injunctive relief. We conclude, therefore, that the district court did not abuse its discretion in refusing to grant a temporary injunction.

I. *Facts and Prior Proceedings.*

Lewis Investments, Inc. owns residential property at 426 Bayard Street in Iowa City. Lewis and the city have been at odds since 1997 due to complaints about the condition of the property. In 2000, the home located on this property was declared a dangerous building, and Lewis was ordered to vacate the property and repair or demolish the building. Eventually, Lewis and the city agreed to a step-by-step procedure and timetable for the repair of the property, but Lewis failed to follow through with the agreed-upon repairs. The city then decided to proceed with rehabilitation of the property under Iowa Code section 364.12A, which states:

For the purposes of section 6A.4, subsection 6, a city may condemn a residential building found to be a public nuisance and take title to the property for the public purpose of disposing of the property under section 364.7 by conveying the property to a private individual for rehabilitation or for demolition and construction of housing.

Iowa Code § 364.12A; *see also id.* § 6A.4(6) (allowing cities to take property "for public purposes which are reasonable and necessary as an incident to the powers and duties conferred upon cities"). A resolution to declare the property a public nuisance and to authorize the acquisition of the property "for the purpose of abating the nuisance" was set for discussion at the January 21, 2003 city council meeting. Although Lewis was given notice of the proposed resolution and told it would be given the opportunity to be heard at the meeting, neither Lewis nor its attorney participated in the council meeting. The resolution adopted at that meeting declared the plaintiff's property a public nuisance and authorized the city's staff to negotiate a purchase of the property or pursue condemnation.

After an unsuccessful attempt by the city to purchase the property, the city filed a condemnation application on June 5, 2003. Prior to the condemnation hearing

scheduled for August 26, 2003, Lewis filed an application in the district court to enjoin the hearing. The plaintiff disputed that the property was a public nuisance. Specifically, Lewis argued that before a city may condemn property as a public nuisance, the city must offer the property owner an evidentiary hearing before an independent body to determine whether the property is actually a public nuisance. The district court denied Lewis's request for a temporary injunction, and Lewis filed this appeal.

Subsequently, the condemnation hearing was held, and the compensation commission awarded Lewis $259,500 for the property. On September 10, 2003, the city deposited a check in this amount with the sheriff. Since that date, the city has cleaned up the property and secured the premises in anticipation of selling the property. Lewis appealed the condemnation award to the district court.

Following these events, the city filed a motion to dismiss this appeal as moot based on its tender of the condemnation award and its possession of the property. Lewis resisted, claiming this appeal was not moot because the condemnation award was itself on appeal. Our court treated the notice of appeal as an application for interlocutory appeal, and granted the application. *See* Iowa R.App. P. 6.1(4). We ordered that the motion to dismiss be submitted with the appeal.

## II. *Mootness.*

 The city seeks to dismiss the property owner's appeal on mootness grounds. "Ordinarily, an appeal is deemed moot if the issue becomes nonexistent or academic and, consequently no longer involves a justiciable controversy." *State v. Hernandez–Lopez*, 639 N.W.2d 226, 234 (Iowa 2002). The test is "whether an opinion would be of force or effect in the underlying controversy." *Iowa Bankers Ass'n v. Iowa Credit Union Dep't*, 335 N.W.2d 439, 442 (Iowa 1983) (finding department's rescission of rules rendered academic any decision by this court as to validity of rules).

The city relies on this court's decision in *Welton v. Iowa State Highway Commission*, 208 Iowa 1401, 227 N.W. 332 (1929), to support its argument that the present appeal is moot. In *Welton*, an orchard owner sought to enjoin the State from establishing a highway through his orchard. 208 Iowa at 1402, 227 N.W. at 332. On appeal, it was shown that the land in question, including the orchard, had been taken, and the road had been fully constructed through the premises. *Id.* at 1402–03, 227 N.W. at 333. We pointed out the property owner had not sought a restraining order to maintain the status quo during the pendency of the appeal, and had "apparently abandoned his original claim for an injunction," seeking damages for the orchard's condemnation instead. *Id.* at 1403, 227 N.W. at 333. Under these circumstances, we held, the appeal was moot. *Id.*; *accord Gunnar v. Town of Montezuma*, 228 Iowa 581, 584, 293 N.W. 1, 3 (1940) ("This court has repeatedly recognized that injunctive relief cannot be had where the threatened action has become an accomplished fact.").

Our decision in *Welton* is helpfully contrasted with our opinion in *Stellingwerf v. Lenihan*, 249 Iowa 179, 85 N.W.2d 912 (1957). In that case, a property owner who had been served notice of condemnation promptly filed an action to enjoin the condemnation on the ground the reason for the condemnation was a subterfuge to obtain the property for other purposes. *Stellingwerf*, 249 Iowa at 180, 85 N.W.2d at 913. We granted the property owner permission to appeal from the district court's denial of the plaintiff's request for a tem-

porary injunction. *Id.* In discussing whether the property owner was entitled to injunctive relief, this court distinguished the *Welton* case, noting the plaintiff in *Welton* had "permitted the condemnation to be concluded and then raised the question of the legal right to take the property." *Id.* at 183, 85 N.W.2d at 915. We pointed out that because the road challenged in *Welton* "had become 'an established fact' there was no manner in which we could interfere or grant relief" in that case. *Id.* at 184, 85 N.W.2d at 915 (citation omitted). Concluding the property owner in *Stellingwerf* properly challenged the grounds for the condemnation by an action in equity, we held the plaintiff was entitled to a temporary injunction pending a decision on the merits of his challenge to the condemnation. *Id.* at 184, 85 N.W.2d at 916.

The city claims the present case is just like *Welton* because it has deposited the condemnation award and has taken possession of the property. We disagree. While the condemnation has proceeded a little further in this case than it did in *Stellingwerf*, the city's ultimate goal—transfer of the property to a private individual for rehabilitation or demolition—has not become an accomplished fact like the road in *Welton*. There is nothing in the record to show that the property has been transferred or that substantial improvements have been made to the property that would place it beyond the power of this court to restore the parties to their former positions. Therefore, we hold the appeal is not moot.

### III. *Denial of Temporary Injunction.*

■ "A temporary injunction is a preventive remedy to maintain the status quo of the parties prior to final judgment and to protect the subject of the litigation." *Kleman v. Charles City Police Dep't,* 373 N.W.2d 90, 95 (Iowa 1985). "The issuance or refusal of a temporary injunction rests largely in the sound discretion of the trial court, dependent upon the circumstances of the particular case." *Kent Prods. v. Hoegh,* 245 Iowa 205, 211, 61 N.W.2d 711, 714 (1953). Our review, therefore, is for an abuse of discretion. *Kleman,* 373 N.W.2d at 96.

■ One requirement for the issuance of a temporary injunction is a showing of the likelihood or probability of success on the merits of the underlying claim. *See Max 100 L.C. v. Iowa Realty Co.,* 621 N.W.2d 178, 181 (Iowa 2001); *Kent Prods.,* 245 Iowa at 212, 61 N.W.2d at 715. Here, the plaintiff's underlying claim is an equitable action for permanent injunctive relief. *See* Iowa R. Civ. P. 1.1501 ("An injunction may be obtained as an independent remedy by an action in equity, or as an auxiliary remedy in any action."). Therefore, in considering the plaintiff's request for a temporary injunction, the district court was required to assess the likelihood that the plaintiff would be successful in showing entitlement to a permanent injunction.

As we have noted above, the plaintiff's request for permanent injunctive relief rested on the alleged illegality of the city's action in declaring the plaintiff's property a public nuisance: specifically, the city did not provide procedural due process in making this factual determination. *See generally Douglass v. Iowa City,* 218 N.W.2d 908, 913 (Iowa 1974) (stating court will generally not permanently restrain the action of a municipality unless "the action complained of is illegal, fraudulent, or clearly oppressive"). The district court not only concluded this claim was doubtful, the court actually addressed the merits of the plaintiff's due process argument and held the city had not acted illegally.

We think the district court properly refused to issue a temporary injunction, but not for the reason cited by the district court. We choose to rest our affirmance on an alternate argument made by the city in its resistance to the plaintiff's motion for temporary injunction, an argument the district court found unnecessary to address: Lewis is not entitled to injunctive relief because it had an adequate remedy at law.

■■■ Permanent injunctive relief is an extraordinary remedy that is granted only when there is no other way to avoid irreparable harm to the plaintiff. *See Planned Parenthood of Mid–Iowa v. Maki,* 478 N.W.2d 637, 639 (Iowa 1991); *Myers v. Caple,* 258 N.W.2d 301, 304–05 (Iowa 1977). Accordingly, if a plaintiff has an adequate remedy at law, injunctive relief as an independent remedy is not available. *See Opat v. Ludeking,* 666 N.W.2d 597, 603 (Iowa 2003); *Sergeant Bluff–Luton Sch. Dist. v. City of Sioux City,* 562 N.W.2d 154, 156 (Iowa 1997). For example, in the *Sergeant Bluff–Luton* case, we held the plaintiff could have challenged the city's decision in a certiorari action, and therefore the plaintiff was not entitled to permanent injunctive relief. 562 N.W.2d at 156.

■■■ Certiorari "is an action at law to test the legality of an action taken by a court or tribunal." *Id.; accord* Iowa R. Civ. P. 1.1401. When a tribunal acts in a quasi-judicial manner, certiorari is a proper vehicle to challenge the tribunal's action. *Petersen v. Harrison County Bd. of Supervisors,* 580 N.W.2d 790, 793 (Iowa

1998); *Buechele v. Ray,* 219 N.W.2d 679, 681 (Iowa 1974). Thus, we must decide whether the city's nuisance determination was a quasi-judicial decision.

The city, in addressing the due-process issue, contends that its designation of the property as a public nuisance was a legislative determination.[1] To support its argument, the city relies on condemnation cases that hold the "determination of the necessity for taking property for public use is ordinarily a legislative and not a judicial function." *Porter v. Bd. of Supervisors,* 238 Iowa 1399, 1403, 28 N.W.2d 841, 843 (1947); *accord Mann v. City of Marshalltown,* 265 N.W.2d 307, 313 (Iowa 1978). But the council's factual determination that a public nuisance exists must be distinguished from its decision to authorize its employees to pursue condemnation based on this fact. Although the condemnation decision is a legislative function, the declaration of a nuisance is not.

■■■ A tribunal exercises a quasi-judicial function when " 'the questioned act involves a proceeding in which notice and opportunity to be heard are required' " or when "a 'determination of rights of parties is made which requires the exercise of discretion in finding facts and applying the law' " to those facts. *Waddell v. Brooke,* 684 N.W.2d 185, 191 (Iowa 2004) (citation omitted). It is well established that a city seeking to abate a public nuisance under nonemergency circumstances must give the property owner notice and the opportunity to be heard. *See, e.g., Hancock v.*

---

1. The city took this position because the due process requirements for legislative decisions are less rigorous than those applicable to quasi-judicial decisions. *Compare Hancock v. City Council,* 392 N.W.2d 472, 478 (Iowa 1986) (discussing due process requirements for hearing on whether citizen's property constitutes a public nuisance, including the taking of evidence and the preparation of written

findings of fact), *and Rental Prop. Owners Ass'n v. City of Grand Rapids,* 455 Mich. 246, 566 N.W.2d 514, 525 (1997) (holding due process requires evidentiary hearing on whether property is a public nuisance), *with Montgomery v. Bremer County Bd. of Supervisors,* 299 N.W.2d 687, 694 (Iowa 1980) (holding legislative decisions require only a "comment-argument type" of hearing).

*City Council,* 392 N.W.2d 472, 475 (Iowa 1986); *Walker v. Johnson County,* 209 N.W.2d 137, 140 (Iowa 1973); *Cole v. Kegler,* 64 Iowa 59, 61–62, 19 N.W. 843, 844 (1884); *accord* 7A *The Law of Municipal Corporations* § 24.561, at 183 (3d ed. 1998 rev. vol.) (stating notice to the owner, a hearing, and an opportunity for the owner to abate the nuisance constitute due process of law). In addition, the determination of whether a public nuisance exists is driven by the particular facts of the case before the tribunal. Therefore, the city's action in declaring the property a public nuisance was a quasi-judicial function. *See Waddell,* 684 N.W.2d at 191 (stating hearing and notice requirements made board's decision a quasi-judicial function); *Martin Marietta Materials, Inc. v. Dallas County,* 675 N.W.2d 544, 553 (Iowa 2004) (holding board of adjustment was quasi-judicial where its function was essentially fact-finding). As such, it could be challenged in a certiorari action. *See Hancock,* 392 N.W.2d at 479–80.

Significantly, Lewis's request for permanent injunctive relief rests solely on alleged illegalities in the city's quasi-judicial decision that a public nuisance exists, not on the city's legislative decision authorizing condemnation to abate the nuisance. *Cf. Sergeant Bluff–Luton Sch. Dist. v. City Council,* 605 N.W.2d 294, 297–98 (Iowa 2000) (identifying the precise action claimed to be illegal in determining whether certiorari action was filed in a timely manner). Therefore, cases allowing an independent suit to enjoin a condemnation proceeding on the basis that the condemning authority's legislative decision to condemn was illegal are not applicable. *See, e.g., Mann,* 265 N.W.2d at 313.

We hold Lewis had an adequate legal remedy for the city's alleged failure to accord due process: a certiorari action to determine whether the city council's declaration of a public nuisance was procedurally flawed. In that action, Lewis could have sought a temporary injunction as an auxiliary remedy to preserve the status quo pending the court's resolution of the primary claim of illegality in the public-nuisance determination. That is exactly the procedure followed by the property owners in *Hancock.* In that case, a city council adopted a resolution declaring the plaintiffs' property a public nuisance and ordering its demolition. *Hancock,* 392 N.W.2d at 473. The plaintiffs claimed the procedure followed by the city in adopting the resolution violated their due process rights. *Id.* They challenged the city's decision in a certiorari action in which they sought an injunction against any further action by the city as an auxiliary remedy. *Id.*

The same remedy was available to the plaintiff here. Even though the future action sought to be enjoined in the present case was the city's condemnation of the property rather than enforcement of a demolition order, as in *Hancock,* the *challenged* city action is identical: the failure to accord due process in making a factual determination that the property in question constituted a public nuisance. The legality of this decision could have been challenged in a certiorari action had one been filed within thirty days of the city council's decision. *See* Iowa R. Civ. P. 1.1402(3). The plaintiff cannot forego this remedy and later obtain the extraordinary relief of a permanent injunction.

Because the plaintiff had an adequate remedy at law, it is unlikely that it would be entitled to permanent injunctive relief. Accordingly, it has failed to establish a prerequisite for a temporary injunction: the likelihood of success on the merits. Therefore, the trial court did not abuse its

discretion in denying temporary injunctive relief.

**AFFIRMED.**