# IN THE COURT OF APPEALS OF IOWA

No. 16-1577
Filed January 10, 2018

**GARY WEINMAN,**
      Plaintiff-Appellant,

**vs.**

**CITY OF NORTH LIBERTY, AMY NIELSEN, COLEEN CHIPMAN, CHRIS HOFFMAN, ANNIE POLLOCK, TERRY DONAHUE, and BRIAN WAYSON,**
      Defendants-Appellees.
_____

Appeal from the Iowa District Court for Johnson County, Sean W. McPartland, Judge.

A landowner challenges a district court ruling upholding the city's authority to acquire sewer easements across his property by eminent domain. **APPEAL DISMISSED.**

S.P. DeVolder of The DeVolder Law Firm, Norwalk, and Wallace L. Taylor of Law Offices of Wallace L. Taylor, Cedar Rapids, for appellant.

Stephanie L. Hinz and Matthew G. Novak of Pickens, Barnes & Abernathy, Cedar Rapids, for appellees.

Heard by Vogel, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

A landowner challenges the authority of the city of North Liberty to take a sanitary sewer easement over his property by eminent domain.[1]  Because the landowner accepted "just compensation" for the taking and the sewer line is completed, we dismiss his appeal as moot.

## I.  Facts and Prior Proceedings

Gary Weinman bought seventy acres of land in Johnson County in 1981. The property is mostly timber but includes about twelve tillable acres.  Weinman's house and horse corral are centered on the acreage.  Muddy Creek runs through the northeast corner of his land.  Across the creek from his house lies a five-acre field that Weinman restored to natural prairie over the past three decades.  The city of North Liberty's waste water treatment plant sits about one-hundred yards from the northern border of Weinman's property.

In the fall of 2010, the Iowa City Community School District started an informal search for a site to construct a new high school.  In August 2013, the school board approved purchasing property east of North Liberty.[2]  The city sought help from Fox Engineering to assess how best to provide sanitary sewer services to the new high school.    After    Fox's    extensive    review,    the    engineers

---

[1] Private property may not be taken for public use without just compensation.  *See* U.S. Const. amend. V; Iowa Const. art. I, § 18.  Eminent domain is the term used for the power of a government entity to take private property for a public use without the owner's consent. *Comes v. City of Atlantic*, 601 N.W.2d 93, 95 (Iowa 1999).  Cities are conferred the right of eminent domain under Iowa Code section 6A.4(6) (2015).  Iowa Code chapter 6B sets out the procedures for the condemnation of private property under eminent domain.

[2] We will refer to North Liberty as "the city."

recommended the city construct a new trunk sewer line that required a temporary and permanent easement across Weinman's prairie.

In July 2014, the city sent Weinman a letter notifying him it proposed to run a sewer line through his property to serve the new high school. In early November 2014, the city served Weinman with notice of intent, advising if he did not agree to the easement, the city would proceed with condemnation. Later that month, concerned about the disruption to his prairie restoration, Weinman filed a petition seeking a declaratory judgment to enjoin what he contended was an illegal condemnation of his property by the city.[3]

On January 8, 2015, the city served Weinman with a notice of condemnation for a thirty-foot-wide sanitary sewer easement and a temporary construction easement across the northeast corner of his property "for the public purposes of extending sewer service to newly annexed territory and a proposed public high school building." Less than two weeks later, Weinman filed a second petition challenging the city's eminent domain authority under Iowa Code section 6A.24 and again seeking a temporary injunction.[4] After a hearing in early February, the district court refused Weinman's requests for injunctive relief. Weinman did not file a motion under Iowa Rule of Civil Procedure 1.904(2). Nor did he seek an interlocutory appeal and stay of the court's refusal to restrain construction until the

---

[3] Weinman sued the city and the members of the city council. For convenience, we will refer to all of the defendants as "the city."

[4] Our supreme court recently noted: "The Code does not state whether the compensation commission should still meet if an owner of property files an action under section 6A.24(1)." *Johnson Propane, Heating & Cooling, Inc. v. Iowa Dep't of Transportation*, 891 N.W.2d 220, 224 (Iowa 2017) (leaving question open for another day because landowner did not file such an action).

court held a hearing and reached a final decision on the merits of his challenge to the city's eminent domain authority.

Contemporaneously the separate but related condemnation-compensation process moved forward. In mid-February, the county compensation commission held a hearing in the city's condemnation action and awarded Weinman $70,000 for the permanent sewer easement across his property. Contending the award was excessive (specifically, three times the appraised value of the easement), the city appealed to the district court. Weinman requested a jury trial, and the jury awarded him $25,000.[5]

In May 2015, the district court granted Weinman's motion to consolidate his two petitions challenging the city's eminent domain authority and set a trial for one year in the future. Meanwhile, in the summer of 2015, the city completed the sewer project. In light of the project's completion, in February 2016, Weinman filed an amended and substituted petition alleging he suffered damages when the city "cut down trees on the property and destroyed a portion of the natural prairie." He asked for a monetary award to compensate him for those damages. In early May 2016, the district court heard evidence in Weinman's consolidated lawsuit. Weinman asked the district court to declare the city's condemnation of his property

---

[5] The district court entered judgment on the verdict in September 2016. The court also ordered the city to provide a check, and the city issued a check to Weinman for $25,241.91, which included interest. Weinman refused to accept the check, asserting he did not want to "waive his right to appeal." While his appeal of the condemnation-compensation case was pending, the parties filed motions concerning the check. The supreme court's January 3, 2017 order granted "a remand for the limited purpose of allowing [the city] to seek a district court order directing that the funds be deposited with the district court clerk in an interest bearing account."

illegal and to assess damages he allegedly incurred as a result of the city's illegal trespass.

On August 30, 2016, the district court issued its order rejecting Weinman's challenge to the city's authority to condemn his property and concluding "the city's sewer site selection here was for the purpose of public improvement." On September 20, 2016, Weinman filed notices of appeal from both the August 30 order at issue here (combined Nos. CVCV077032 and LACV076900) and the related September 2016 judgment in the condemnation-compensation case (CVCV077132).

Weinman's appeal of the condemnation-compensation case proceeded more quickly, and our court affirmed the jury's award of $25,000 to Weinman.[6] *See City of N. Liberty v. Weinman*, No. 16-1576, 2017 WL 1278323 (Iowa Ct. App. April 5, 2017). Weinman did not seek further review from our decision.[7] Instead Weinman took the funds the city had deposited with the clerk of the district court and filed a satisfaction in full on June 15, 2017, stating he "hereby acknowledges full and complete payment by the City of North Liberty, Iowa, of the judgment entered against the City in this action. Upon said payment, [Weinman] hereby satisfies said judgment of record."

Our court scheduled oral arguments in Weinman's remaining appeal challenging the city's authority to condemn his land and seeking damages for a

---

[6] Weinman did not ask to consolidate his appeals or to stay the condemnation-compensation case while the instant appeal challenging the city's authority to condemn his land was decided.
[7] Procedendo issued on May 9, 2017.

trespass caused by the alleged illegal condemnation.[8] In response to a request by this court, both parties filed supplemental briefs addressing whether this appeal was moot.

---

[8] Weinman asked the Iowa Supreme Court to retain this appeal, but the court transferred the matter to our court.

## II.     Scope and Standards of Review

The parties agree we would review the merits of Weinman's appeal for the correction of legal error. *See Clarke Cty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 171 (Iowa 2015).

## III.     Is This Appeal Moot?

But we must first decide whether this appeal presents a justiciable issue. *See Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) (explaining it is "our duty on our own motion to refrain from determining moot questions"). Specifically, do the facts of Weinman's acceptance of the $25,000 in "just compensation" in the related condemnation action and the completed installation of the sewer line render moot this separate challenge to the city's authority to exercise its powers of eminent domain?

Our supreme court recently discussed the question of mootness in condemnation actions. *See Clarke Cty. Reservoir Comm'n*, 862 N.W.2d at 173. The court determined an appeal on the issue of the county's authority to condemn was not moot because the proposed reservoir had not been built and "it was not too late to decide the issue presented." *Id.* at 174. The *Clarke County* court contrasted *Lewis Investments., Inc. v. City of Iowa City*, 703 N.W.2d 180, 183–84 (Iowa 2005), where the court rejected a mootness challenge while noting, although the city of Iowa City had deposited the condemnation award, the city had not yet sold the property to a third party so the court could still restore the parties to their former positions, with *Welton v. Iowa State Highway Commission,* 227 N.W. 332, 333 (Iowa 1929), where the court dismissed the appeal as moot while noting the

orchard had been "taken for highway purposes and the paving laid." 862 N.W.2d at 173–74.

In its supplemental brief, the city asks us to dismiss this appeal as moot because, as in *Welton*, it is too late to restore the parties to their original positions. The city points out (1) Weinman did not seek interlocutory appeal of the court's denial of temporary injunctive relief and (2) Weinman accepted the damages the city had deposited as "full satisfaction." For his part, Weinman argues this appeal presents a live controversy because his amended petition seeks trespass damages, which he asserts would compensate him for losses—such as the destruction of trees and prairie—distinct from the compensation the city paid for its easement through the process of eminent domain.[9]

We are more persuaded by the city's argument. After this court rejected his appeal of the condemnation award, Weinman accepted the compensation and filed a satisfaction of judgment—unlike the challenger in *Lewis* who left the city's deposit untouched while his challenge to its authority to condemn his property was resolved on the merits. *See* 703 N.W.2d at 184 (rejecting city's claim the case was moot "because it has deposited the condemnation award and has taken possession of the property" where nothing in the record prevented the court from restoring "the parties to their former position"). Additionally, Weinman did not try

---

[9] Weinman cites trespass cases but provides no Iowa authority showing his damages for an alleged trespass could exceed his already-accepted condemnation damages. *See Brown v Davis Cty.*, 195 NW 363, 366 (Iowa 1923) (noting landowner challenging condemnation had a "more complete and adequate remedy" in a condemnation proceeding than in a trespass proceeding). The cases Weinman cites regarding damages for *negligent construction* in the context of condemnation are easily distinguishable. *See Iowa Power & Light Co. v. Stortenbecker*, 334 N.W.2d 326, 332 (Iowa 1983); *King v. Iowa Midland R.R. Co.*, 34 Iowa 458, 459 (Iowa 1872).

to appeal the denial of a temporary injunction and seek a stay, as has been done by others challenging a condemnation. *See, e.g., Stellingwerf v. Lenihan*, 85 N.W.2d 912, 913–916 (Iowa 1957) (allowing interlocutory appeal of district court order and then staying all condemnation proceedings "until case as to permanent injunction is tried and decided" where challenger alleged city's taking of land for a park was "a subterfuge" to condemn land for other purposes).

By cashing the condemnation-compensation award, Weinman grudgingly accepted the city's taking as legitimate and cannot now be heard to make an inconsistent argument in this appeal that the city was unlawfully trespassing on his land. Further, Weinman's decision not to seek an interlocutory appeal and stay of the condemnation process once the district court denied Weinman's request for temporary injunctive relief demonstrated his willingness to live with the consequences of the taking and the completed construction. Under the totality of these specific circumstances, it is "too late" for this court "to decide the issue presented." *Clarke Cty. Reservoir Comm'n*, 862 N.W.2d at 174. Weinman's appeal is moot. *See id.* Without considering the merits, we dismiss the appeal.

**APPEAL DISMISSED.**