McDONALD, Justice (dissenting).
The Iowa Utilities Board (IUB) approved construction of the pipeline. The IUB authorized Dakota Access to use the eminent domain power to condemn easements. Dakota Access exercised the eminent domain power as granted. The appellants accepted the condemnation awards. Dakota Access built the pipeline. Oil is flowing through the pipeline. No further relief is available. What's done, is done. The case is moot.
The leading case is Welton v. Iowa State Highway Commission , 208 Iowa 1401, 227 N.W. 332 (1929). In Welton , we concluded a challenge to the construction of a highway was moot when construction was completed:
[S]ubsequent to the decision of the district court in this case, and in the absence of an order staying appellees' actions, the road in controversy was established ... [. T]he appellant has perfected an appeal to the district court of Mahaska county, from the award of the condemnation commissioners, as to the amount of his damages .... [D]uring the pendency of the appeal, the defendant did not obtain a restraining order from this court ....
It is apparent from the uncontroverted affidavit that the orchard has been taken for highway purposes and the paving laid. No order which we can now make can preserve to appellant his orchard.
Id. at 1402-03, 227 N.W. at 333.
Similarly, in Porter v. Board of Supervisors , we concluded the completion of a drainage ditch was an established fact that precluded relief:
We call attention also to the fact ... that the construction ha[s] already taken place and that the canal or ditch [i]s in operation. There was no stay of proceedings nor application in this court for an order to stay construction. Under these circumstances the construction of the ditch became an established fact before the case was submitted to us for decision.
238 Iowa 1399, 1404, 28 N.W.2d 841 (1947).
As in Welton and Porter , the construction and operation of the pipeline is an established fact-what's done cannot be undone. The appellants previously conceded their claims were moot once the pipeline was completed and placed into service. In the district court, the appellants sought a stay. In support of their application for stay, the appellants conceded "if they d[id] not receive a stay before [Dakota Access's] pipeline trench [wa]s dug, any remedy w[ould] be inadequate." The district court denied the application for stay. The appellants did not seek interlocutory appeal, did not seek a stay from this court, and did not seek to expedite the appeal. In the meantime, the "trench [was] actually dug."
The completion of the pipeline and the appellants' acceptance of the condemnation awards are established facts that render their claim moot. See Campbell-Ewald Co. v. Gomez , 577 U.S. ----, ----, 136 S. Ct. 663, 669, 193 L.Ed.2d 571 (2016) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and *856 must be dismissed as moot." (quoting Genesis Healthcare Corp. v. Symczyk , 569 U.S. 66, 72, 133 S. Ct. 1523, 1528, 185 L.Ed.2d 636 (2013) )); Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs , 301 F. Supp. 3d 50, 63 (D.D.C. 2018) ("The specter of mootness raised in Standing Rock's earlier filings has now come to pass-construction is complete and oil is flowing through the pipeline."); Gunnar v. Town of Montezuma , 228 Iowa 581, 584, 293 N.W. 1, 3 (1940) (stating a case is moot if "the threatened action has become an accomplished fact"). For these reasons, I would dismiss the appeal.